# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2010

No. 09-40498

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERMAN ANDINO-ORTEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Appellant German Andino-Ortega appeals his 60-month sentence. For the reasons set forth herein, we VACATE Andino-Ortega's sentence and REMAND for resentencing.

**I**

Andino-Ortega pleaded guilty to one count of being unlawfully present in the United States following deportation, in violation of 8 U.S.C. § 1326. Under the Guidelines applicable to this case, the presentence report ("PSR") recommended a base offense level of eight. *See* U.S.S.G. § 2L1.2(a). The PSR also recommended a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii), after concluding that Andino-Ortega's prior Texas conviction for injury to a child, under TEX. PENAL CODE ANN. § 22.04(a), qualified as a crime of violence. The

PSR included a two-level reduction for acceptance of responsibility, but indicated that the Government did not plan to pursue an additional one-point reduction pursuant to U.S.S.G. § 3E1.1(b). Andino-Ortega's resulting offense level of 22, combined with a criminal history category of III, resulted in a Guidelines range of 51–63 months imprisonment.

Andino-Ortega requested a downward variance on the basis that he originally believed that his prior conviction would result in a four-level enhancement under case law finding that injury to a child by omission does not constitute a crime of violence. However, Andino-Ortega admitted that his prior conviction was for "intentionally and knowingly causing bodily injury to [a child] by striking her with a weedeater," which is not an injury caused by omission. The Government requested a within-Guidelines sentence, noting that Andino-Ortega had a history of family violence and returned to the United States shortly after his prior deportation.

Andino-Ortega also argued that he was entitled to an additional one-point reduction under § 3E1.1(b) simply for entering a timely guilty plea. However, the Government refused to move for the reduction because Andino-Ortega would not waive his appellate rights. At sentencing, the district court overruled Andino-Ortega's objection, finding that the Government had authority under this circuit's precedent to refuse to move for the additional reduction. The district court declined to grant a downward variance.

The district court considered all the arguments of counsel and concluded that a within-Guidelines sentence would satisfy the § 3553(a) factors. The court sentenced Andino-Ortega to 60 months in prison, to be followed by a three-year term of supervised release.

## II

At the outset, we must address the Government's argument that Andino-Ortega waived the right to appeal his sentence because he specifically addressed the 16-level enhancement under § 2L1.2(b)(1)(A)(ii) and conceded that it was

proper under his understanding of the case law. In particular, the Government points to the following statements by defense counsel:

> The predicate offense in this case was injury to a child. . . . There is case law that says that injury to a child by omission is not a crime of violence and would only garner a 4-level enhancement.
>
> However, there is case law—[p]articularly, I'm looking here at *Perez-Munoz v. Keisler*, 507 F.3d 357 [5th Cir. 2007], which finds that if there—the injury to a child stems from an intentional act, then it definitely is a crime of violence. Your Honor, . . . my client's position throughout has been that [the injury] was the result of an accident.
>
> Now, the fact remains that he pled to the offense as charged in the indictment which charged an intentional offense. . . .

Based on this colloquy, the Government contends that Andino-Ortega "knew of the sentencing guidelines issue and that he consciously chose to forego it." Andino-Ortega contends that the statements, in fact, show that defense counsel misunderstood *Perez-Munoz* and failed to account for precedent indicating that the Texas offense of injury to a child is not a "crime of violence."

Waiver is the intentional relinquishment of a known right. *United States v. Olano*, 507 U.S. 725, 733 (1993). A waiver "occurs by an affirmative choice by the defendant to forego any remedy available to him, presumably for real or perceived benefits resulting from the waiver." *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002). In contrast, forfeiture is the failure to make the timely assertion of a right. *Olano*, 507 U.S. at 733.

We have found only one case in this circuit that suggests that counsel's statements, here, might constitute a waiver. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). In *Fernandez-Cusco*, the court *sua sponte* considered whether the defendant waived his appeal of the application of a 16-level enhancement for his prior conviction on the basis that the prior crime was not a "crime of violence." *Id.* The court acknowledged that

a "defendant does not waive plain-error review simply by 'fail[ing] to object to the characterization of his prior offense as a crime of violence.'" *Id.* (quoting *United States v. Alfaro*, 408 F.3d 204, 207 n.1 (5th Cir.), *cert. denied*, 546 U.S. 911 (2005)) (alteration in original). But it found that the defendant "did more than fail to object . . .; he affirmatively recognized [the enhancement] was being applied and indicated it was proper." *Id.* The court concluded that these statements did not rise to the level of waiver, but "arguably" constituted invited error. In an abundance of caution, the court nonetheless reviewed for plain error. *Id.*

Although we recognize the factual similarity here—Andino-Ortega's counsel acknowledged that the 16-level enhancement was proper—he did so on the basis of a misunderstanding of this court's precedent. The statements regarding the propriety of the crime-of-violence enhancement do not constitute a waiver because they do not evidence an intentional and *knowing* relinquishment of a right. Counsel's failure to object below because he did not recognize the argument now being made on appeal is not a waiver. *See United States v. Castaneda-Baltazar*, 239 F. App'x 900, 901 (5th Cir. 2007) (unpublished); *see also United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (finding no waiver of sentencing guidelines issue even though defense counsel stated that "other than the *Blakely* objection, he had no problem with the PSR"). Accordingly, we review for plain error.

### III

Following *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), the court determines whether the sentence is procedurally sound and whether it is substantively reasonable. This court reviews a district court's interpretation of the guidelines *de novo* and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d

751, 764 (5th Cir. 2008). Because Andino-Ortega did not object below, he must establish that the district court plainly erred in applying the guidelines. *Arviso-Mata*, 442 F.3d at 384. Under plain error, the appellant must show an error, that is clear or obvious, and that affected his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). If these requirements are met, this court may remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 129 S. Ct. at 1429 (quotation omitted) (alteration in original).

## A

The Guidelines provide for a 16-level increase in a defendant's base offense level if he was previously deported after being convicted of a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "crime of violence" is defined as either one of a list of enumerated crimes or "any other offense under federal, state, or local law that *has as an element* the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(iii)) (emphasis added). The crime of "injury to a child," for which Andino-Ortega was previously convicted, is not one of the enumerated crimes. Thus, to qualify for the 16-level enhancement, the statute of conviction must have "as an element the use, attempted use, or threatened use of physical force." Texas Penal Code § 22.04(a) provides that: "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child . . . serious bodily injury; serious mental deficiency, impairment, or injury; or bodily injury."

In determining whether an offense is a crime of violence, this court "looks to the elements of the crime, not to the defendant's actual conduct in committing it." *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (en banc). The elements come from the statute of conviction, not from the "particular manner and means that attend a given violation of the statute." *Id.* However,

5

where, as here, a statute lists alternative methods of committing a crime, a court may look to charging papers to see which of the various statutory alternatives were involved in a particular case. *Id.* at 258; *see also Perez-Munoz*, 507 F.3d at 362 (holding that TEX. PENAL CODE ANN. § 22.04(a) may be "pared down" by reference to charging documents because a defendant can be convicted either for an intentional act or an omission). Notwithstanding Andino-Ortega's protests that he "accidentally" caused injury to a child, it is clear that he was convicted of causing injury by an act, rather than an omission. Specifically, Andino-Ortega pleaded guilty to the charge that he "did . . . intentionally and knowingly cause bodily injury to . . . a child younger than 15 years of age, by striking her with a weedeater."[1]

The question is whether a conviction for causing injury to a child by an act, rather than omission, constitutes a "crime of violence" for purposes of § 2L1.2(b). Andino-Ortega argues that the district court incorrectly relied on *Perez-Munoz* in applying the sentencing enhancement, while the Government argues that *Perez-Munoz* is on point and controlling. In *Perez-Munoz*, the court found that if the charging documents demonstrated that the offense was committed by an intentional act rather than by omission, the "injury to a child" offense may qualify as a "crime of violence." 507 F.3d at 362. Although *Perez-Munoz* deals with the underlying statute of conviction at issue here, it interprets whether that offense is a "crime of violence" under 18 U.S.C. § 16(b), which defines "crime of violence" differently than § 2L1.2(b). Under § 16(b), an offense that involves a "substantial risk that physical force against the person or property of another may be used" constitutes a crime of violence, while under § 2L1.2, the offense must "[have] as an element the use, attempted use, or threatened use of physical

---

[1] Although the actual conduct described involved the use of physical force, that is irrelevant for the purposes of this case. The inquiry is whether the use of physical force is an element under the statute of conviction, not whether the defendant's actual conduct involved the use of physical force. *See, e.g., Calderon-Pena*, 383 F.3d at 257.

force." Because of the difference in the definition of "crime of violence," *Perez-Munoz* is clearly not controlling.

Instead, Andino-Ortega contends that *United States v. Gracia-Cantu*, 302 F.3d 308 (5th Cir. 2002), is controlling because in that case, the definition of "crime of violence" matches the definition at issue here. The court determined that "injury to a child" under TEX. PENAL CODE ANN. § 22.04(a) was not a crime of violence under 18 U.S.C. § 16(a), which provides a substantially similar definition to that set forth in U.S.S.G. § 2L1.2. *Id.* at 311–12. The court accepted the argument that "injury to a child" did not constitute a crime of violence because § 22.04(a) does not require that the perpetrator actually use, attempt to use, or threaten to use physical force. *Id.* at 311. However, the court so held because it could not determine whether the "injury to a child" occurred by act or omission. Because such injury could occur by omission, the offense was "not, 'by its nature,' a crime of violence." *Id.* at 313 (citing *United States v. Velazquez-Overa*, 100 F.3d 418, 420–21 (5th Cir. 1996)). Here, it is clear that Andino-Ortega was convicted of causing injury by an intentional act, not an omission. Thus, *Gracia-Cantu* is not dispositive.

Although the parties largely ignored this court's decision in *United States v. Calderon-Pena*, 383 F.3d 254 (5th Cir. 2004) (en banc), it is dispositive. In that case, a panel of this court found that the offense of child endangerment under TEX. PENAL CODE. ANN. § 22.041(c) constituted a crime of violence for purposes of applying the sentencing enhancement under U.S.S.G. § 2L1.2. *See United States v. Calderon-Pena*, 339 F.3d 320, 329 (5th Cir. 2003).[2] The *en banc*

---

[2] The offense of child endangerment, under TEX. PENAL CODE ANN. § 22.041(c), is slightly different than injury to a child, under § 22.04(a). Under § 22.041(c), a person commits the offense of child endangerment if he "intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child . . . in imminent danger of death, bodily injury, or physical or mental impairment." The court characterized the difference thus: The "salient difference between § 22.04(a) and § 22.041(c) is that in the latter, the perpetrator places a child 'in imminent danger' of injury, death, etc., whereas in § 22.04(a) the conduct actually results in the injury, death, etc., of the child." *Calderon-Pena*, 339 F.3d

court reversed. It found that although Calderon-Pena had previously committed the offense of "knowingly . . . by act . . . engag[ing] in conduct that places a child younger than 15 years in imminent danger of ... bodily injury," the "statute does not have the use, attempted use, or threatened use of physical force against the victim's person as a required element." *Calderon-Pena*, 383 F.3d at 260 (alteration in original).

This court previously decided that the phrase "has as an element" in § 2L1.2 means that "the intentional use of force must be a constituent part of a claim that must be proved for the claim to succeed." *United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc) (internal quotation marks omitted). "If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit—of the crime." *Id.* For instance, an offense under § 22.04 can be committed by intentional act without the use of physical force by putting poison or another harmful substance in a child's food or drink. *See Perez-Munoz*, 507 F.3d at 362. Because the offense of injury to a child, even where committed by an intentional act, does not require the use or attempted use of physical force, the offense does not meet the definition of a "crime of violence" necessary for imposition of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This conclusion follows clearly from the court's analysis in *Calderon-Pena* and *Vargas-Duran*, and accordingly, the district court's error was clear or obvious.

The district court's error in applying the 16-level enhancement affected Andino-Ortega's substantial rights. As a result of the enhancement, the sentencing range was 51 to 63 months. Andino-Ortega received a sentence of 60 months' imprisonment. If, as Andino-Ortega contends, he is subject to only a 4-level enhancement pursuant to § 2L1.2(b)(1)(D), the applicable Guidelines range

---

at 327.

is 10 to 16 months, a range four to five times lower than his sentence. And even if the Government is correct that Andino-Ortega is properly subject to an 8-level enhancement under § 2L1.2(b)(1)(C), the Guidelines range would still only be 21 to 27 months, a range substantially lower than the sentence Andino-Ortega received.[3] Because these ranges, however calculated, do not overlap with the range applied to Andino-Ortega, the district court's error necessarily increased his sentence and thus affected his substantial rights. *See, e.g.*, *Villegas*, 404 F.3d at 364.

We find that Andino-Ortega has satisfied his burden under the plain-error test by showing that the district court misapplied the Guidelines in calculating the sentencing range, the court imposed a sentence based on that miscalculation, and the sentence was higher than the correct range under the Guidelines. *See id*. Furthermore, because the district court's error clearly affected Andino-Ortega's sentence, we also find that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.[4] *See id*. Accordingly, we vacate his sentence and remand for resentencing.

**B**

The second issue that Andino-Ortega raises is that the district court abused its discretion in refusing his request for a one-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). This reduction is

---

[3] We leave to the district court on remand to properly calculate the guidelines range. We note, however, that Andino-Ortega can be subject to an 8-level enhancement under § 2L1.2(b)(1)(C), only if his prior conviction for injury to a child qualifies as an "aggravated felony," as defined by 8 U.S.C. § 1101(a)(43) and 18 U.S.C. § 16(b). *See* U.S.S.G. § 2L1.2, comment. (n.3(A)).

[4] We find the Government's argument that the district court imposed an alternate non-Guidelines sentence wholly unpersuasive. The Government urges that any error was harmless because the error did not affect the district court's selection of the sentence imposed. *See United States v. Davis*, 478 F.3d 266, 273 (5th Cir. 2007). Specifically, the Government contends that the district court implicitly considered the lower sentencing range argued by Andino-Ortega, but made clear that it nonetheless would have imposed the same sentence even if the lower range applied. *See United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008). We find no support for this contention in the record.

only applicable if the defendant qualifies for the two-point reduction under § 3E1.1(a) and "the offense level determined prior to the operation of subsection (a) is level 16 or greater." § 3E1.1(b). Whether Andino-Ortega is even eligible for the additional reduction will depend on the calculation of his base offense level. If, as discussed above, he is subject to only a 4-level enhancement pursuant to § 2L1.2(b)(1)(D), then his base offense level will be less than 16 and this issue will be moot. On the other hand, if the Government is correct that an 8-level enhancement applies under § 2L1.2(b)(1)(C), then Andino-Ortega's base offense level will be 16. For prudential reasons, we decline to pass on this question before the district court calculates the applicable Guidelines range and resentences Andino-Ortega. At that time, Andino-Ortega will be free to re-urge his arguments regarding § 3E1.1(b), if that provision is applicable.

## IV

For the foregoing reasons, we VACATE Andino-Ortega's sentence and REMAND for resentencing consistent with this opinion.