# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2011

Lyle W. Cayce
Clerk

No. 10-20491
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VALENTIN MENDEZ CARRANZA, Also Known as Valentin Mendez,
Also Known as Valentine Mendez, Also Known as Valentin Corranza Mendez,
Also Known as Valentin Mendez-Carranza,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CR-30-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Valentin Mendez Carranza appeals the sentence imposed following his guilty plea conviction of illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. He contends that the district court erred in applying an 8-level aggravated-felony enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) based on his prior conviction of deadly conduct under Texas Penal Code Annotated § 22.05(b)(2). The government argues that Mendez Carranza's counsel waived the issue because he objected to the 16-level enhancement and argued that only the 8-level enhancement under § 2L1.2(b)(1)(C) should apply.

The record does not show that defense counsel was aware of an argument that the 8-level enhancement should not apply or any evidence that counsel intentionally relinquished a known right. Counsel did not make a specific objection to an enhancement but withdraw it later at sentencing. Further, Mendez Carranza did not receive a benefit from any waiver of the right to challenge the enhancement. Because the record does not indicate that counsel intentionally relinquished a known right, he did not waive any challenge to the 8-level enhancement. *See United States v. Andino-Ortega*, 608 F.3d 305, 308 (5th Cir. 2010); *United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010); *United States v. Castaneda-Baltazar*, 239 F. App'x 900 (5th Cir. 2007).

Mendez Carranza asserts that his prior Texas conviction of deadly conduct by knowingly discharging a firearm at or in the direction of a habitation in violation of Texas Penal Code Annotated § 22.05(b)(2) was not a crime of violence ("COV") for purposes of the 8-level enhancement under § 2L1.2(b)(1)(C). He also argues that the district court erroneously classified his prior offense as an aggravated felony under § 1326(b)(2), so the judgment should be corrected to reflect that he was convicted and sentenced under § 1326(b)(1). Because Mendez Carranza did not raise those arguments in the district court, review is limited to plain error. *See Andino-Ortega*, 608 F.3d at 308-09; *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

No. 10-20491

The court did not plainly err in finding that his prior conviction was an aggravated felony under § 1326(b)(2) or in applying the 8-level enhancement under § 2L1.2(b)(1)(C). In *United States v. Hernandez-Rodriguez*, 467 F.3d 492, 495 (5th Cir. 2006), we held that a conviction of deadly conduct under § 22.05-(b)(1) constituted a COV for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii) (applying 16-level enhancement for a "crime of violence"). We have not addressed whether a § 22.05(b)(2) conviction is an aggravated felony under § 1326(b)(2) and a COV for purposes of § 2L1.2(b)(1)(C), so any error was not clear or obvious. *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008). Therefore, Mendez Carranza has not shown that the district court plainly erred in finding that his § 22.05(b)(2) conviction was an aggravated felony or in applying the 8-level felony enhancement pursuant to § 2L1.2(b)(1)(C). *See id.*; *Puckett*, 129 S. Ct. at 1429.

AFFIRMED.