**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 11, 2012

No. 11-40108

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DIMAS-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1352-1

Before  HIGGINBOTHAM,  SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Dimas-Flores pleaded guilty to one count of being found in the United States following deportation in violation of 8 U.S.C. § 1326. The Presentence Investigation Report ("PSR") calculated that Dimas-Flores's base offense level was eight and that eight levels should be added because Dimas-Flores's prior Texas conviction for attempted tampering with a government record constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(P). Dimas-Flores did not object to the eight-level aggravated felony enhancement at sentencing, but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40108

instead sought a downward variance based on his alleged criminal history over-representation.  Dimas-Flores now contends oppositely that the district court erred in its classification of one prior criminal conviction as an aggravated felony warranting the eight-level enhancement.  We affirm.

Dimas-Flores and the government agree that Dimas-Flores made no objection to the eight-level enhancement at sentencing.  Dimas-Flores and the government disagree, however, about whether this constituted a waiver or a forfeiture.  Waiver is the intentional relinquishment of a known right. *United States v. Olano*, 507 U.S. 725, 733 (1993).  A waiver "occurs by an affirmative choice by the defendant to forego any remedy available to him, presumably for real or perceived benefits resulting from the waiver." *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002).  Forfeiture, on the other hand, is the failure to make the timely assertion of a right. *Olano*, 507 U.S. at 733.  As described below, Dimas-Flores did not overlook the enhancement.  Dimas-Flores endorsed application of the enhancement both orally and in writing to contend that his criminal history was over-represented.

First, Dimas-Flores filed objections to the PSR that acknowledged the content of paragraphs 27 and 28, which set forth his prior felony for attempted tampering with a government document that was categorized by the PSR as an "aggravated felony."  Second, when the district judge asked if Dimas-Flores had "any objections" to the PSR at sentencing, defense counsel responded by requesting a "downward variance based on over-representation . . . under paragraphs 25 and 26, also 27 and 28."  Third, later during sentencing, after Dimas-Flores spoke asking for leniency, defense counsel interjected to "address the court again," and said "[t]he eight-level adjustment, Your Honor, he's getting that because at the time of the arrest on those paragraphs 27 and 28, he had in his possession . . . a Social Security card, and that's why they're using that for the eight-level enhancement, Your Honor."  Defense counsel stated "he's getting

2

that" enhancement for the felony and conduct Dimas-Flores now seeks to argue could not qualify for such an enhancement. Paragraphs 27 and 28 of the PSR, the paragraphs assented to and used by Dimas-Flores, specifically refer to a "fictitious social security card and drivers license which the defendant claimed were his forms of identification."

Both parties agree that Rule 52 plain error review applies. Plain error requires (1) error, (2) that is clear or obvious, and (3) that affects substantial rights; if those elements are satisfied, we may exercise discretion to remedy the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009). Dimas-Flores's 'twas I but 'tis not I effort to rescind his earlier sentencing position on appeal complicates three of four steps in this Rule 52 process. The Supreme Court has explained that the first step of Rule 52 analysis—a showing of error—is not met when the alleged error is one that was "intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant." *Puckett*, 129 S.Ct. at 1429 (citing *Olano*, 507 U.S. at 733). Dimas-Flores contends that his commitment at sentencing to the enhancement, though affirmative, was not knowing, citing *United States v. Andino-Ortega*, 608 F.3d 305, 308 (5th Cir. 2010). This hindsight assurance is not one we can verify and, as a larger principle, is in tension with reasons behind Rule 52(b). *See Puckett*, 129 S.Ct. at 1431-32 (requiring objection means that a litigant cannot "'game' the system, 'wait[ing] to see if the sentence later str[ikes] him as satisfactory' . . . and then seeking a second bite at the apple by raising the claim"; also, requiring objection is significant when error is not conceded, whereupon "the district court if apprised of the claim will be in a position to adjudicate the matter in the first instance, creating a factual record and facilitating appellate review"). Second, our decision in *Andino-Ortega* is distinguishable because the defendant in that case simply erred legally, whereas here Dimas-Flores built his affirmative

No. 11-40108

sentencing argument for leniency around application of the enhancement. Our decision in *United States v. Fernandez-Cusco*, 447 F.3d 382 (5th Cir. 2006), is a closer parallel because the defendant "did more than fail to object to [an] enhancement; he affirmatively recognized it was being applied and indicated it was proper" by requesting a downward departure based on alleged criminal history over-representation. *Id.* at 384. This court noted in *Fernandez-Cusco* that such an affirmative use "arguably constitutes invited error," yet "out of an abundance of caution," reviewed and denied sentencing relief stating that the record presented in that case did not show a clear or obvious error. *Id.* at 384, 388.

As in *Fernandez-Cusco*, affirmative use of an argument later reconfigured as reversible error therefore also complicates the second step of the Rule 52 analysis, namely, that "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 129 S.Ct. at 1429 (citing *Olano*, 507 U.S. at 734). Error of the sort claimed by Dimas-Flores is hardly clear, as the parties dispute extensively. Categorization of a prior conviction generally is best resolved through factual inquiry not yet done, though available through close scrutiny of a limited set of documents associated with a defendant's past criminal judgments. *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Nolos v. Holder*, 611 F.3d 279, 285 (5th Cir. 2010). Neither party has sought to supplement the record on appeal with other documents that would qualify, if they exist, such as a written plea agreement or transcript of plea colloquy. *See Id.*

Dimas-Flores does not show clear or obvious error because he unmistakably agreed that the prior conviction involved "a fictitious social security card and drivers license which [he] claimed were his forms of identification." An "aggravated felony" under 8 U.S.C. § 1101(a)(43)(P), is defined, *inter alia*, as "an offense . . . which . . . is described in section 1546(a) .

4

No. 11-40108

. . . ." 8 U.S.C. § 1101(a)(43)(P). Section 1546(a), in turn, proscribes, *inter alia*, misuse of documents including the possession of a "document prescribed by statute or regulation for . . . employment in the United States . . . knowing it . . . to be falsely made . . . ." 18 U.S.C. § 1546(a). Dimas-Flores's adoption and use of paragraphs 27 and 28 of his PSR include his possessory claim to a "fictitious social security card," a factual admission which we previously have said is sufficient. *United States v. Ramirez*, 557 F.3d 200, 204 (5th Cir. 2009) (holding that "reliance on a defendant's admission of facts that are contained in the PRS is permissible") (citing *United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006)).

Finally, affirmative use of an argument later reconfigured as reversible error complicates any determination we would make under the final step of the Rule 52 analysis, which permits this court to exercise its discretion to remedy an error if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). When a defendant invites an outcome he later contests, we are less likely to characterize that outcome as a miscarriage of justice. *See Dodson*, 288 F.3d at 162. In *Dodson*, this court held that defense counsel's acquiescence ("I believe so") to a sentencing enhancement waived his later complaint against it, but then "[a]lternatively," the court denied the complaint on the basis that no miscarriage of justice existed in the specific sentencing circumstances of that case. *Id.* Dimas-Flores's use of his enhancement allowed him to urge criminal history over-representation and request "a sentence not greater than necessary to meet the statutory objectives of sentencing under 18 U.S.C. 3553." At sentencing, Dimas-Flores urged, more specifically, for three points off his criminal history category. Comparing benefits between the sentencing approach Dimas-Flores pursued, albeit unsuccessfully, and the one he seeks to assert at a resentencing, gives us no

5

No. 11-40108

confidence that disallowing this second effort impugns the integrity of the judicial process.

Because Dimas-Flores repeatedly agreed to the eight-level aggravated felony enhancement and to the facts underlying the enhancement, we hold that no miscarriage of justice is apparent in this unusual circumstance.

For the foregoing reasons, Dimas-Flores's conviction and sentence are AFFIRMED.