# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2012

Lyle W. Cayce
Clerk

No. 11-20172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNULFO MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-701-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arnulfo Martinez appeals his 56-month sentence for being found illegally present in the United States after deportation following an aggravated felony conviction. *See* 8 U.S.C. § 1326. Citing *United States v. Andino-Ortega*, 608 F.3d 305, 311 (5th Cir. 2010), Martinez argues that the district court committed plain error when it determined that his prior Texas conviction for injury to a child qualified as a crime of violence (COV) and enhanced his offense level by 16 levels

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The Government concedes that the district court improperly applied the enhancement.

Because Martinez did not object to the enhancement in the district court, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135.  To prevail under plain-error review, Martinez must show an error that is "clear or obvious, rather than subject to reasonable debate."  *Id.*  He also must show that the error affected his substantial rights.  *See id.*  If he makes these showings, we have the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, alteration, and citation omitted).

Martinez was convicted of injury to a child under TEXAS PENAL CODE § 22.04(a).  In *Andino-Ortega,* we concluded on plain error review that, because the elements of the statute could be satisfied by some intentional act that did not include the use of physical force, a conviction under § 22.04(a) did not qualify as a COV for purposes of § 2L1.2(b)(1)(A)(ii).  *Andino-Ortega,* 608 F.3d at 311. Because Martinez was convicted under the same portion of § 22.04 as Andino-Ortega, we conclude that the district court committed a clear or obvious error in finding that Martinez's prior offense qualified as a COV.  *See id.*  In addition, we have previously found that where, as here, a guidelines error results in the imposition of a sentence that is greater than the maximum under the correct guidelines range, the error has affected the defendant's substantial rights, and it would seriously affect the fairness, integrity, and public reputation of the judicial proceedings to leave the error uncorrected.  *See id.* at 311-12.  On these facts, we find similarly, i.e., that the third and fourth prongs of plain error are met.

Accordingly, we VACATE Martinez's sentence and REMAND the case for resentencing.