# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2013

Lyle W. Cayce
Clerk

No. 12-40191
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TYRONE EUGENE JORDAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-20-3

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tyrone Eugene Jordan timely appeals from the district court's imposition, on remand, of 63-month concurrent sentences for his convictions of conspiracy to launder money and conspiracy to transport illegal aliens. For the first time, Jordan raises a sufficiency of the evidence claim challenging his money laundering conviction. He acknowledges that this claim should have been raised in his initial appeal, but he contends that he should be allowed to raise it now because his appellate counsel was ineffective in failing to raise it in his initial

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal.  Jordan's failure to raise the sufficiency issue in his initial appeal bars its review unless the failure to do so will result in manifest injustice.  *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004).  Jordan cannot make that showing because he can raise this claim in the context of an ineffective-assistance-of-appellate-counsel claim.  His ineffective-assistance-of-appellate-counsel claim must be raised in a 28 U.S.C. § 2255 motion, however, because the record is not sufficiently developed.  *See United States v. Montes*, 602 F.3d 381, 387 (5th Cir. 2010).

Jordan also seeks to relitigate this court's rejection in his initial appeal of his claim that the district court clearly erred by enhancing his offense level by six levels based on the finding that he knew that the funds that he laundered through his wife's bank account were drug proceeds.  The relitigation of the issue is precluded by the law of the case doctrine unless Jordan has demonstrated that the enhancement resulted in manifest injustice.  *See United States v. Teel*, 691 F.3d 578, 582-83 (5th Cir. 2012).  He has failed to make that showing in light of the trial evidence of his knowledge and involvement in Arturo Apac's illegal operations and the reliable information in the presentence report.  Thus, review of this issue is barred under the law of the case.  *Id.*

Jordan asserts that his within-guidelines sentence for conspiring to launder money is procedurally and substantively unreasonable because it was based on the district court's erroneous finding that he was involved in drug-trafficking activities, which was an irrelevant factor.  Jordan did not object on this ground in the district court.  Thus, review is for plain error. *See United States v. Isiwele*, 635 F.3d 196, 204 (5th Cir. 2011).  A review of the resentencing hearing reflects that the district court did not base the sentence on Jordan's personal involvement in drug trafficking.  The district court concluded that despite his lack of a past criminal history, a sentence at the top of the guidelines range was appropriate because of the adverse effects resulting from Jordan's assistance to Apac in expanding his drug trafficking operation, Jordan's

continued involvement in the illegal activities even after the seizure of the funds and the airplane by authorities, and his refusal to accept responsibility for his wrongdoing.   Jordan has not rebutted the presumption of reasonableness afforded his guidelines range sentence. *See United States v. Rodriguez*, 660 F.3d 231, 233 (5th Cir. 2011); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).   Thus, he has failed demonstrate that the sentence was procedurally or substantively unreasonable and has failed to show plain error committed by the district court.   *See United States v. Andino-Ortega*, 608 F.3d 305, 309 (5th Cir. 2010).

Finally, Jordan argues that his 63-month sentence for transporting illegal aliens is both procedurally and substantively unreasonable.   He asserts that, because the sentence is dramatically above the guidelines range, the court can apply a presumption of unreasonableness and that the sentence represents a clear error in balancing the sentencing factors.   This issue is also reviewed for plain error. *See Isiwele*, 635 F.3d at 204.   The district court did not depart upward because the total offense level for both offenses was calculated based on the rules for multiple counts charged in the same indictment; therefore, each count had the same sentencing guidelines range.   *See* U.S.S.G. Ch. 3, Pt. D, intro. comment.; §§ 3D1.1, 3D1.4.   The district court relied on the relevant fact that Jordan participated in the alien trafficking even after the authorities seized the cash and the plane and that he continued to associate with Apac, a known criminal.   Jordan has not rebutted that presumption of reasonableness of the sentence for conspiring to transport illegal aliens. *See Cooks*, 589 F.3d at 186. He has failed to demonstrate that the sentence was procedurally or substantively unreasonable, and thus, he has failed to show plain error committed by the district court.   *See Andino-Ortega*, 608 F.3d at 309.

AFFIRMED.