# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40510

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GEARY MOHAMMED MILLS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-65-8

Before JONES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

A jury convicted Geary Mohammed Mills of conspiring to possess with the intent to distribute 210 grams or more of a substance containing a detectable amount of "Ecstasy," in violation of 21 U.S.C. §§ 841(a)(1), 846 and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district court sentenced Mills to 248 months of imprisonment. Mills appeals his conviction and sentence. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40510

## I. Background

Law enforcement officers arrested Mills without a warrant after codefendant Lamon Donnell—who had been recently arrested as a part of an extensive Ecstasy trafficking investigation—provided incriminating information about Mills and called Mills to set up a purported drug transaction. From their investigation, officers knew that Donnell distributed Ecstasy to numerous individuals, although they did not have any prior information on Mills. When Mills arrived at the agreed-upon location in the car predicted by Donnell, officers arrested him. A search of Mills's person revealed a 9-millimeter handgun in his waistband, and a search of his car revealed approximately $20,000 and ammunition for the handgun. According to officers, Mills then waived his *Miranda* rights and confessed that he was there to purchase Ecstasy from Donnell.

A federal grand jury indicted Mills and ten other individuals on one count of conspiring to possess with the intent to distribute 210 grams or more of a substance containing a detectable amount of Ecstasy in violation of 21 U.S.C. §§ 841(a)(1), 846. The indictment further alleged that Mills knowingly possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mills was the only defendant charged with the firearm possession count. Mills pleaded not guilty, while his codefendants pleaded guilty. Prior to trial, Mills filed a motion to suppress his confession and the evidence discovered at the time of his arrest on the ground that they were the fruit of a warrantless arrest made without probable cause. The district court denied the motion.

At trial, numerous individuals testified regarding Mills's participation in the Ecstasy trafficking conspiracy. Donnell testified that in October 2009, he received a shipment of approximately 300,000 tablets of Ecstasy from a Canadian supplier. Donnell also testified that in December 2009, the owner of

No. 13-40510

Club Iniquity introduced Mills to Donnell so that Mills could supply Ecstasy for the club's patrons. After an initial meeting, Mills began buying Ecstasy from Donnell. This continued on a weekly basis for approximately three months, up until the night when the two were arrested. Donnell estimated that he sold approximately 120,000 tablets of Ecstasy to Mills. While testimony revealed that Mills's resale of the Ecstasy occurred independently of the other codefendants, codefendant Charles Duffy testified that Mills would sometimes come over to Donnell's house, where Donnell's large shipment of Ecstasy was stored, and that they would count Ecstasy tablets together. Codefendants Chris Brown, Josh Willsie, Jeremiah Sala, and Chrystopher Persheff testified that they met Mills at Donnell's house under similar circumstances. The codefendants further testified that Mills was Donnell's largest seller of Ecstasy. There was also testimony from law enforcement regarding the night of Mills's arrest and from individuals who stated that Mills had talked to them while in jail about his Ecstasy distribution activities.

The jury found Mills guilty of both counts of the indictment. Mills filed a timely post-trial motion for judgment of acquittal, which the district court denied. Mills also filed a motion for a new trial based on "newly discovered evidence" (Donnell's unsuccessful motion to withdraw his guilty plea), which the district court likewise denied. The district court sentenced Mills to 188 months of imprisonment for the conspiracy count and 60 consecutive months of imprisonment for the firearm count. Mills timely appealed.

## II. Discussion

### A. *Mills's Motion to Suppress*

Mills contends that officers lacked probable cause to arrest him because their knowledge regarding him came from Donnell, a first time informant. He therefore argues that the district court erred in denying his motion to suppress the evidence obtained as the fruit of his arrest. When reviewing the district

court's denial of Mills's motion to suppress, we review legal issues *de novo* and findings of fact for clear error, viewing all evidence in the light most favorable to the Government. *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013). We may affirm the district court on any basis established by the record. *Id.*

If a warrantless arrest is not based on probable cause, the evidence discovered as a result of the arrest is subject to suppression as the "'fruit' of an illegal arrest." *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). Probable cause exists when the totality of the facts and circumstances are sufficient for a reasonable person to conclude that the suspect committed an offense or was in the process of committing an offense. *United States v. Ochoa*, 667 F.3d 643, 649 (5th Cir. 2012). It is a "fair probability" determination, which requires more than a bare suspicion but less than a preponderance of the evidence. *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999). Where, as here, an informant's tip is used to supply probable cause, the informant's veracity and basis of knowledge should be considered within the totality of the circumstances; although, a deficiency in either may be compensated for by a strong showing as to the other, or by other indicia of reliability. *See Illinois v. Gates*, 462 U.S. 213, 233 (1983); *cf. United States v. Delario*, 912 F.2d 766, 768 (5th Cir. 1990) ("[P]rior performance [of an informant] is not the only indicia of reliability.").

We have reviewed the evidence presented to the district court regarding Donnell, the basis for his knowledge, corroboration of his information, and other indicia of reliability the officers had. We conclude that the totality of the facts and circumstances within the officers' knowledge was sufficient for a reasonable person to believe that Mills was in the process of committing a drug trafficking offense. *See Ochoa*, 667 F.3d at 649. The evidence obtained pursuant to Mills's arrest was not subject to suppression.

B. *Evidence of Other Drugs*

At trial, a DEA agent and a detective testified about the search of Donnell's stash house, where they found Ecstasy, methamphetamine, and cocaine. The Government then offered exhibits of the drugs and drug paraphernalia found at the house and testimony from Donnell about selling methamphetamine and cocaine. Mills's counsel did not object to the testimony, and he affirmatively stated that he had no objection to the admission of the exhibits; he also elicited information about these drugs through cross-examination and used this evidence in closing arguments to argue against Donnell's credibility.

Mills now argues that the district court erred in allowing admission of the testimony and evidence of other drugs. Because he affirmatively stated at trial that he had no objection and then used the testimony and evidence to his benefit, his argument now is arguably waived. *See United States v. Andino-Ortega*, 608 F.3d 305, 308 (5th Cir. 2010) ("A waiver occurs by an affirmative choice by the defendant to forego any remedy available to him, presumably for real or perceived benefits resulting from the waiver." (citation and internal quotation marks omitted)). Even if we were to conclude that the error was only forfeited, review would be for plain error. *See United States v. Garcia*, 567 F.3d 721, 726 (5th Cir. 2009). Because Mills has not satisfied "*his* burden of demonstrating the requisite prejudice," he has failed to show plain error warranting reversal. *See id.* at 726–27.

C. *Sufficiency of the Evidence to Support Mills's Conspiracy Conviction*

In the district court, Mills filed a timely post-trial motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), arguing that there was insufficient evidence to sustain a conspiracy conviction against him and, alternatively, that the evidence demonstrated at most multiple conspiracies. Mills reasserts both arguments on appeal. Since Mills raised these issues

before the district court, we consider them *de novo*.  *See United States v. Thomas*, 690 F.3d 358, 366 (5th Cir.), *cert. denied*, 133 S. Ct. 673 (2012).

When reviewing the sufficiency of evidence underlying a conviction, we consider whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Thomas*, 690 F.3d at 366.  Likewise, when reviewing the sufficiency of the evidence to support a single-conspiracy finding, the analysis is whether "the evidence and all reasonable inferences, examined in the light most favorable to the government, would preclude reasonable jurors from finding a single conspiracy beyond a reasonable doubt."  *United States v. Mitchell*, 484 F.3d 762, 769 (5th Cir. 2007) (quoting *United States v. Morris*, 46 F.3d 410, 415 (5th Cir. 1995)) (internal quotation marks omitted).

The elements of a conspiracy under 21 U.S.C. § 846 are "(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy."  *Thomas*, 690 F.3d at 366 (quoting *Ochoa*, 667 F.3d at 648) (internal quotation marks omitted).  The essence of the crime of conspiracy is the agreement to commit an unlawful act.  *Iannelli v. United States*, 420 U.S. 770, 777 (1975).  The agreement need not be explicit, but can inferred from the facts and circumstances of the case.  *Id.* at 777 n.10.

When viewed in the light most favorable to the Government, the extensive evidence presented at trial would allow a rational trier of fact to find beyond a reasonable doubt that Mills knowingly participated in a conspiracy to distribute drugs.  *See, e.g., Thomas*, 690 F.3d at 366; *United States v. Delgado*, 672 F.3d 320, 334 (5th Cir.) (en banc) (noting that a large quantity of drugs can serve as evidence of a conspiracy), *cert. denied*, 133 S. Ct. 525 (2012); *United States v. Olguin*, 643 F.3d 384, 394 (5th Cir. 2011).

No. 13-40510

In addition, contrary to Mills's primary argument, the evidence as a whole demonstrates that the relationship between Donnell and Mills went well beyond that of a "single buy-sell agreement." *Delgado*, 672 F.3d at 333. The jury could readily infer that their transactions were agreed upon, regular, and over multiple months, having ended only at the instance of their arrest. *Cf. Thomas*, 690 F.3d at 366 (observing that an indication of an ongoing, mutually dependent relationship can be evidence of membership in a conspiracy). As in *Delgado*, Mills's argument in this regard "misunderstands the scope of the so-called 'buyer-seller exception' in this circuit and ignores substantial evidence." 672 F.3d at 333. The evidence against Mills supports a finding that he was a distributor of drugs, not a mere acquirer or street-level user for which the rule was intended. *Id.*

Mills alternatively contends that the evidence was insufficient to prove the single conspiracy charged in the indictment and, at most, the evidence demonstrated two separate conspiracies: a two-man conspiracy involving Donnell and Mills, and a multi-party conspiracy involving Donnell, Duffy, and the other codefendants. To determine whether the evidence supports a single-conspiracy finding, we look to: "(1) the existence of a common goal or purpose; (2) the nature of the scheme; and (3) overlapping participants in various dealings." *United States v. Franklin*, 561 F.3d 398, 402 (5th Cir. 2009) (citation and internal quotation marks omitted). "This does not require that the participants in the conspiracy know the other participants, nor that each participate in every conspiracy action." *Id.*

This court has "adopted an expansive notion of a 'common purpose.'" *Morris*, 46 F.3d at 415. Here, the evidence is sufficient to allow a jury to find that the defendants shared the common purpose to distribute Donnell's large shipment of Ecstasy for profit. *See, e.g., Olguin*, 643 F.3d at 394 (common purpose to "distribut[e] drugs in the Dallas/Fort Worth area"); *Mitchell*, 484

F.3d at 770 (common purpose "to derive personal gain from the sale of crack cocaine in Paris[, Texas]"); *Morris*, 46 F.3d at 415 (common purpose "to derive personal gain from the illicit business of buying and selling cocaine").

For the nature-of-the-scheme factor, the inquiry is whether "the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect or to the overall success of the venture." *Mitchell*, 484 F.3d at 770 (quoting *Morris*, 46 F.3d at 416) (internal quotation marks omitted).  In this case, although Mills did not jointly sell drugs with the other sellers, each participant in the conspiracy was aware of the others' involvement, with each aiding in the larger plan of distributing Donnell's large shipment of Ecstasy.  *See Morris*, 46 F.3d at 416.

The third factor examines the interrelationships among the participants in the conspiracy.  *Mitchell*, 484 F.3d at 770.  Sufficient interrelationships are shown where participants conspire with a pivotal member to carry out a common goal.  *See id.* (citing *Morris*, 46 F.3d at 416).  In this case, Donnell was that pivotal member with whom the other participants conspired.

In light of the foregoing, we conclude that the evidence was sufficient to allow reasonable jurors to find beyond a reasonable doubt that Mills knowingly participated in the single conspiracy charged in the indictment.[1]

*D.  Mills's Motion for a New Trial*

After Mills's trial, codefendant Donnell filled a *pro se* motion to withdraw his guilty plea.  In turn, Mills filed a motion for a new trial, arguing that Donnell's motion constituted newly discovered evidence that would likely result in an acquittal if his case were retried.  The district judge denied Donnell's motion to withdraw his guilty plea because "he did not allege sufficient facts which, if proven, would entitle him to the relief he requested."

---

[1] We do not reach Mills's venue argument because it is contingent on us finding that the evidence was insufficient to support the single conspiracy charged in the indictment.

Thereafter, the same district judge denied Mills's motion for a new trial, finding Mills's argument moot in light of the court's denial of Donnell's motion to withdraw his guilty plea.  On appeal, Mills argues that the district court abused its discretion in denying his motion for a new trial.

Federal Rule of Criminal Procedure 33 allows a district court to grant a new trial "if the interest of justice so requires."  FED. R. CRIM. P. 33(a).  To receive a new trial based on newly discovered evidence, a defendant must demonstrate the following:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.

*United States v. Ebron*, 683 F.3d 105, 157–58 (5th Cir. 2012) (citations and internal quotation marks omitted), *cert. denied*, 134 S. Ct. 512 (2013).  We review a district court's denial of a motion for a new trial based on newly discovered evidence for abuse of discretion.  *Id.* at 157.

Mills describes Donnell's Motion as a "recantation of his guilty plea." However, Donnell did not recant either his statements underlying his guilty plea or his testimony at Mills's trial.[2]  He instead requested that he be allowed to withdraw his guilty plea because he believed he received ineffective assistance of counsel; the gist of his motion is that his attorney did not give

---

[2] Although Mills seeks a new trial based on Donnell's motion, the parties do not cite to the motion, and it is not included in the record on appeal.  We take judicial notice of the motion since it is a public record of the district court, which was before the district judge in deciding Mills's motion for a new trial.  *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. Unit B July 1981); *cf. NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1263 n.2 (5th Cir. 1994) (taking judicial notice of documents in the record of a companion case). Furthermore, the parties had access to the motion and referred to it in their briefs, and neither party objected to our taking judicial notice when we raised the issue at oral argument.

due consideration to his various legal theories.[3]  The motion is not traditional recantation evidence, as it is not a statement by a witness that his prior testimony was false.  *See, e.g., United States v. Gresham*, 118 F.3d 258, 267 (5th Cir. 1997); *United States v. Nixon*, 881 F.2d 1305, 1311 (5th Cir. 1989); *United States v. Adi*, 759 F.2d 404, 408 (5th Cir. 1985).  The motion also does not draw into question Donnell's honesty or credibility as a witness.  It therefore is not newly discovered evidence relevant to Mills's guilt or innocence.  What is more, Mills clearly fails to demonstrate that the purported evidence is material and that it would probably produce an acquittal.  The district court did not abuse its discretion in denying the motion for new trial.

*E.  Mills's Sentence*

We review sentencing decisions for reasonableness under an abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  We employ a bifurcated review process, first ensuring that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.* at 51.  If no procedural error is found, we then consider the substantive reasonableness of the sentence.  *Id.*

The district court calculated Mills's base offense level by attributing to him at least 120,000 tablets of Ecstasy.  Mills argues that this was procedurally unreasonable because the amount of drugs was based primarily on Donnell's

---

[3] Donnell stated that "counsel constantly refuse[d] to give [him] answers to the many different aspects of his innocence, rights and defenses guaranteed under Uniform Commercial Code(s), common law, common equity law, laws of admiralty, and commercial liens and levies."  Donnell further stated that counsel "would act dumfounded when [he would] assert his innocence to the fact that there can be no violation of any of these laws unless there is a victim consisting of a natural flesh and blood man or woman who has been injured."

testimony, which he believes "was wholly without *any* indicia of trustworthiness or reliability." When making the factual finding of the amount of drugs involved in a drug trafficking offense, "the district judge may consider any information that has 'sufficient indicia of reliability to support its probable accuracy,' including a probation officer's testimony, a policeman's approximation of unrecovered drugs, and even hearsay." *United States v. Huskey*, 137 F.3d 283, 291 (5th Cir. 1998) (quoting U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 6A1.3). "The district court has broad discretion in considering the reliability of the submitted information regarding the quantities of drugs involved. Such credibility determinations rest within the province of the trier-of-fact." *Huskey*, 137 F.3d at 291 (citations and internal quotation marks omitted). We find no procedural error in the district court's reliance on Donnell's testimony.

Mills further contends that his sentence is substantively unreasonable because he received a longer sentence than most of his coconspirators who pleaded guilty and cooperated with the Government. It is well settled that "a disparity of sentences among co-defendants does not, without more, constitute an abuse of discretion." *United States v. Stalnaker*, 571 F.3d 428, 442 (5th Cir. 2009) (citation and internal quotation marks omitted). "This is especially true when the co-defendants pled guilty and cooperated with the government. The sentences of such co-defendants are obviously the result of leniency . . . ." *United States v. Sparks*, 2 F.3d 574, 587 (5th Cir. 1993) (citation and internal quotation marks omitted). Such is the case here.

The record as a whole reveals that Mills is not similarly situated to his codefendants and that the disparity among their sentences is warranted by the Guidelines. *See United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008) (disparity due to a defendant providing substantial assistance is warranted); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006) ("Congress intended

that certain disparities be caused by application of the federal guidelines, and a sentencing disparity intended by Congress is not unwarranted." (citation and internal quotation marks omitted)).  The record thus belies Mills's unsupported assertion that "[t]he only possible explanation" for the differences among the sentences is that the district court impermissibly punished him for exercising his constitutional right to a jury trial.  Mills has not shown that his sentence is substantively unreasonable.

AFFIRMED.