# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEARY MOHAMMED MILLS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-65-8

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Geary Mohammed Mills was convicted by a jury of conspiracy to possess with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug-trafficking crime, and he was sentenced to 248 months of imprisonment and five years of supervised release. This court affirmed the judgment of the district court, and Mills's criminal proceeding was concluded when the Supreme Court denied his petition for a writ of certiorari in October

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40617

2014.  *See United States v. Mills*, 555 F. App'x 381, 382-88 (5th Cir.), *cert. denied*, 135 S. Ct. 140 (2014).  In April 2015, Mills moved for reconsideration of the denial of his pretrial suppression motion, which denial had been affirmed on direct appeal.  That motion was administratively terminated without notice to Mills, as the criminal proceeding was no longer pending.  In April 2016, Mills moved for an expedited ruling on his motion for reconsideration and sought the dismissal of the indictment against him as being void for lack of jurisdiction.  To the extent that Mills's motion for an expedited ruling sought the dismissal of his indictment, the district court dismissed it as untimely, citing Federal Rule of Criminal Procedure 12(b)(2).  Mills now appeals.

We note at the outset that the superseding indictment charged Mills with violating 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1), two federal offenses, and that the district court thus had subject matter jurisdiction over his prosecution.  *See* 18 U.S.C. § 3231.  Mills's 2014 motion sought to challenge jurisdiction on the basis of venue and thus had to be brought pretrial, or at least while his criminal case was still pending.  *See* FED. R. CRIM. P. 12(b)(2). We do not address here the appropriate standard of review, *see United States v. McLauling*, 753 F.3d 557, 559 (5th Cir. 2014), but conclude that the district court did not err in denying Mills's motion as untimely.  The motion for expedited consideration of this appeal is DENIED.

AFFIRMED.