# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10469
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2019

Lyle W. Cayce
Clerk

GEARY MILLS,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-53

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Geary Mills, federal prisoner 16878–078, challenges the summary judgment granted the Government against his civil action seeking the return of property seized during his arrest. The arrest had led to his being convicted of conspiracy to possess, with intent to distribute, a controlled substance, in violation of 21 U.S.C. § 846, and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10469

possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

Pursuant to a preliminary forfeiture order, some of the seized property, including, *inter alia*, $20,207 in cash, a handgun, and magazines containing ammunition, was criminally forfeited. A final forfeiture order was later entered, and the handgun and ammunition were destroyed.

Our court affirmed Mills' convictions on direct appeal, and he did not challenge the preliminary forfeiture order. *United States v. Mills*, 555 F. App'x 381, 382 (5th Cir. 2014) (per curiam). The order therefore divested him of any interest in the forfeited property. *See* Fed. R. Crim. P. 32.2(b)(4)(A) (enumerating when order becomes final as to defendant). Our court also held he lacked standing to challenge the final forfeiture order. *United States v. Mills*, 620 F. App'x 343, 343–44 (5th Cir. 2015) (per curiam).

Mills has filed several civil actions and unsuccessfully challenged their dismissals on appeal. In the instant action, he originally filed a motion, pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return of what he alleged was his property. Because his criminal case had concluded when he filed this motion, it is, therefore, construed as a civil action, pursuant to 28 U.S.C. § 1331. *See Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007).

In district court, Mills listed two pages of items he wished to recover. Alternatively, he sought damages, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for the claimed destruction of his property without due process.

Adopting the magistrate judge's report and recommendations, the district court dismissed the *Bivens* claim because sovereign immunity barred it, and directed partial final judgment, pursuant to Federal Rule of Civil

Procedure 54(b).  Mills took an appeal, No. 16–11163, but it was dismissed for failure to pay the filing fee.

The district court subsequently dismissed the remaining claims.  It concluded the Government did not possess some property Mills sought, and Mills was collaterally estopped from attempting to recover property the Government did possess.  On appeal, after our court granted Mills' motion to proceed *in forma pauperis*, it remanded for additional findings.

On remand, the district court, adopting the magistrate judge's supplemental findings, again concluded Mills was collaterally estopped from claiming property that was seized.  It also found the evidence conclusively established federal agents did not seize the other items he sought.  This appeal ensued.

As an initial matter, our review is of the district court's awarding summary judgment, not granting a motion to dismiss, because the court considered "matters outside the pleadings".  *See* Fed. R. Civ. P. 12(d).  Mills has had the required "reasonable opportunity" to present all pertinent material. *See id.*

Whether summary judgment was properly granted is reviewed *de novo*. *Bailey*, 508 F.3d at 738 (citation omitted).  Because review is *de novo*, our court may affirm on any grounds supported by the record.  *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000) (citation omitted).

As discussed, in district court, Mills provided a two-page list of items he wished to have returned to him.  In this appeal, however, he discusses from those items only the earlier-referenced $20,207.  Mills lacks standing to claim the $20,207 because the criminal forfeiture divested him of any interest in it. *See Mills*, 620 F. App'x at 344.  He also discusses a blue-and-black backpack, which was not criminally forfeited, and was not among the items he listed in

district court as being subject to return.  Accordingly, he cannot show error as to this item.  *See Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir. 1988) (per curiam) ("[T]he trial court cannot have erred as to matters which were not presented to it".).  The Government acknowledges, however, that it possesses the backpack and states Mills may retrieve it.

Mills also:  attacks the preliminary criminal-forfeiture order's validity; claims he should be allowed to seek relief pursuant to *Bivens*; and contends this court erred in another of his appeals, No. 16–40617, reported at 678 F. App'x 215 (5th Cir. 2017) (per curiam).

These claims are all barred by *res judicata.  See, e.g., Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (citation omitted).  Any challenge to the criminal-forfeiture order's validity should have been raised in his direct appeal, 555 F. App'x. 381.  The judgment dismissing the *Bivens* claim is final because his appeal, No. 16–11163, was dismissed for his failure to pay the filing fee.  And our court will not consider any claim of error in No. 16–40617 in this appeal.

AFFIRMED.