UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――

No. 98-41602

―――――――――――

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL ANTHONY DE LOS SANTOS

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

July 31, 2001

Before KING, Chief Judge and BARKSDALE, Circuit Judges and SCHELL, District Judge.[*]

SCHELL, District Judge:

The question before this court is whether a preliminary order of forfeiture is a final, appealable judgment under the 1994 version of Rule 32(d)(2) of the Federal Rules of Criminal Procedure. This is an issue of first impression in the Fifth Circuit. We join the other circuits that have addressed this issue in finding that a preliminary order of forfeiture is a final, appealable judgment.

On December 7, 1995, Michael Anthony De Los Santos was convicted of money laundering in violation of 18 U.S.C. § 1956(a)(2) and (3) in the United States District Court for the Southern

―――――――――――

[*]District Judge of the Eastern District of Texas, sitting by designation.

District of Texas, Corpus Christi Division. The jury returned a special verdict finding that De Los Santos should be required to forfeit $11,000 that he received as payment for laundering drug-related money. De Los Santos was sentenced on March 29, 1996 to 96 months in the custody of the Bureau of Prisons, 4 years supervised release, a $24,000 fine and a $150 special assessment. On May 6, 1996, the district court entered a preliminary order of forfeiture. On June 4, 1996, the district court entered an amended order relating back to the date of the first order. De Los Santos did not file the notice of appeal at issue in this case until after a final order of forfeiture was entered on November 24, 1998.

The 1994 version of Rule 32(d)(2) of the Federal Rules of Criminal Procedure, entitled "Criminal Forfeiture," was in effect during the trial and sentencing of De Los Santos and is controlling in this appeal. That version states: "When a verdict contains a finding of criminal forfeiture, the judgment must authorize the Attorney General to seize the interest or property subject to forfeiture on terms that the court considers proper." The 1996 amendments to Rule 32(d)(2) do not apply in this case. Therefore, it is under the 1994 version that we interpret the effect of a preliminary order of forfeiture.

All the other circuits that have ruled on the issue before this court have ruled that a preliminary order of forfeiture is a final judgment that must be appealed within the time limits of Rule 4(b) of the Federal Rules of Appellate Procedure.[1] In the interest of uniformity among the circuits and considering the actual effects of a preliminary order of forfeiture, we adopt the same rule. A

---

[1] See United States v. Derman, 211 F.3d 175, 182 n. 9 (1st Cir. 2000); United States v. Gross, 213 F.3d 599 (11th Cir. 2000) (per curiam); United States v. Pelullo, 178 F.3d 196, 202 (3rd Cir. 1999); United States v. Libretti, 1998 WL 644265, at *4-5 (10th Cir. 1998), cert. denied, 525 U.S. 1164 (1999); United States v. Bennett, 147 F.3d 912, 914 (9th Cir. 1998); United States v. Christunas, 126 F.3d 765, 767-69 (6th Cir. 1997).

preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property. In contrast, a final order of forfeiture determines the rights of third parties with respect to property a defendant has forfeited. The notice of appeal of De Los Santos is untimely because it was filed over two years after the preliminary order of forfeiture, which is beyond the maximum 40-day (or 70-day if the government appeals) time limit of Rule 4(b). Therefore, this court lacks jurisdiction over this appeal.

Further, the court finds unavailing the argument of De Los Santos that he did not receive adequate notice of the government's motion for preliminary order of forfeiture or the order itself. We believe that his argument lacks merit because it appears that the attorney of record for De Los Santos received such notice and that his attorney was still serving as counsel of record notwithstanding the fact that De Los Santos signed his own notice of appeal. The notice to his attorney constituted notice to De Los Santos. However, regardless of whether Defendant had notice, this court cannot extend the time period beyond that prescribed by Rule 4(b). United States v. Awalt, 728 F.2d 704, 705 (5th Cir. 1984).

Appeal is DISMISSED. All pending motions are DENIED.