[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14972
Non-Argument Calendar

_____

D. C. Docket No. 03-00670-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

JACQUES D. ROBINSON,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(June 27, 2005)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Jacques D. Robinson appeals his fifty-seven-month sentence, which was imposed as a result of convictions for the following offenses: production of false identification documents, in violation of 18 U.S.C. § 1028(a)(1) (counts 1 & 8); production, transfer, or possession of a document-making implement, in violation of 18 U.S.C. § 1028(a)(5) (count 2); aiding and abetting transfers of false identification documents, in violation of 18 U.S.C. § 1028(a)(2) (counts 3, 5, 7, & 9); and attempt and conspiracy to transfer false identification documents, in violation of 18 U.S.C. § 1028(a)(2) and (f) (counts 4 & 6). The government cross-appeals Robinson's sentence, requesting a remand with instructions that the district court make its preliminary order of forfeiture part of its judgment against Robinson.

## I.

Robinson argues that the district court erred because the loss of over $182,000 it attributed to him was based solely on co-conspirator Derrick Grayson's fraudulent check-cashing scheme. Robinson contends that his conspiratorial agreement with Grayson was limited to providing false identification. Therefore, Robinson argues, Grayson's bank-fraud scheme was outside the scope of criminal conduct in which he agreed to participate and he should not have been held responsible for the losses resulting from Grayson's bank fraud.

2

We review the district court's loss calculation for clear error, but we review its application of the sentencing guidelines de novo. United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004) (per curiam).

A defendant's offense level is properly increased according to the amount of loss caused, which is the "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1(b)(1) & cmt. nn. 3(a)(i) & (iv). In determining the amount of loss attributable to a defendant, the sentencing court must consider, "in the case of a jointly undertaken criminal activity . . . , all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction . . . ." Id. § 1B1.3(a)(1)(B).

Accordingly, "[w]hen determining the loss amount attributable to a particular defendant convicted of a conspiracy offense," the district court must engage in a two-prong analysis. McCrimmon, 362 F.3d at 731. It "must first determine the scope of criminal activity the defendant agreed to jointly undertake and then consider all reasonably foreseeable acts and omissions of others in the jointly undertaken criminal activity." Id. (citation omitted). "Only after the district court makes individualized findings concerning the scope of criminal activity that

3

the defendant undertook is the court to determine reasonable foreseeability."

United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003). In determining the scope of the defendant's agreement, the district court "may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others." U.S.S.G. § 1B1.3, cmt. n.2.

Here, as in Hunter, "the district court made findings regarding reasonable foreseeability, [but] it did not first determine the scope of the criminal activity [Robinson] agreed to jointly undertake." Hunter, 323 F.3d at 1320. That it was reasonably foreseeable to Robinson the false identifications he made might be used to commit fraud does not mean that he agreed to "jointly undertake[]" that fraud. "[T]he Guidelines establish that the fact that the defendant knows about the larger operation, and has agreed to perform a particular act, does not amount to acquiescence in the acts of the criminal enterprise as a whole." Id.

Here, there is no evidence at all in the record to suggest that Grayson's bank-fraud scheme was within the scope of Robinson's criminal agreement. First, there is no evidence of an explicit agreement. Second, there is no evidence from which such an agreement can be inferred. The record shows only that Robinson provided false identifications to Grayson, for which he was paid between $125 and $200, and that he later provided Grayson with information and items for producing fake

4

identifications. While this evidence shows that Robinson was involved with the production and transfer of false identifications (to which he pleaded guilty), it does not show that he was involved in the bank fraud. There is no evidence that Robinson himself engaged in fraudulent check-cashing or was present when any fraudulent checks were cashed. Cf. Hunter, 323 F.3d at 1320 (defendant who personally cashed nine fraudulent checks would be accountable for the loss from those checks, but not necessarily for the entire scope of the check-cashing conspiracy). Nor is there any evidence that Robinson recruited others into the fraudulent check-cashing scheme. Cf. McCrimmon, 362 F.3d at 732 (defendant who "was actively involved in recruiting investors to further the [] scheme" was liable for the entire amount of loss from the scheme). Additionally, there is no evidence that Robinson received any of the proceeds from Grayson's check-cashing scheme. The presentence report says only that Robinson received a small fee from Grayson for each false identification he provided, which suggests that Robinson agreed to perform only a particular act within the scheme, not to participate in the entire scheme. Hunter, 323 F.3d at 1320.

The government correctly notes that "a sentencing court's failure to make individualized findings regarding the scope of the defendant's activity is not grounds for vacating a sentence if the record support[s] the court's determination

with respect to the offense conduct, including the imputation of others' unlawful acts to the defendant." United States v. Petrie, 302 F.3d 1280, 1290 (11th Cir. 2002). In this case, however, the record does not support the district court's determination of the offense conduct. As we have said, there is simply no evidence to justify the imputation of Grayson's bank-fraud scheme, and the resulting loss, to Robinson. Therefore, Robinson is entitled to resentencing.[1]

## II.

The government cross-appeals from Robinson's sentence pursuant to 18 U.S.C. § 3742(b)(1), which permits the government to appeal sentences that are imposed in violation of the law. The government argues that the district court's failure to make its preliminary order of forfeiture part of its judgment against Robinson renders Robinson's sentence unlawful because it violated Fed. R. Crim. P. 32.2(b)(3).

Fed. R. Crim. P. 32.2(b)(3) provides in pertinent part: "At sentencing—or at any time before sentencing if the defendant consents—the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." The issuance of a preliminary order of forfeiture does not relieve a district court of its obligation to include an order of forfeiture in its

---

[1] Because Robinson will be resentenced under post-United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), rules, his Booker claim as to his original sentence is moot.

6

judgment.  United States v. Pease, 331 F.3d 809, 813 (11th Cir. 2003).

Here, pursuant to Fed. R. Crim. P. 32.2(b)(2), the district court entered a preliminary order of forfeiture against Robinson, to which Robinson consented. The district court did not, however, include an order of forfeiture in its final judgment against Robinson.[2]  Because Fed. R. Crim. P. 32.2(b)(3) required the district court to include the forfeiture order in its final judgment, the court's failure to do so requires correction.  See United States v. Gilbert, 244 F.3d 888, 915 n.66 (11th Cir. 2001) ("The Federal Rules of Criminal Procedure have the force and effect of law.  Just as a statute the requirements promulgated in these Rules must be obeyed." (quotation omitted)).  Therefore, pursuant to 18 U.S.C. § 3742(f)(1), we remand and instruct the district court to amend the judgment to include an order of forfeiture.[3]

---

[2] We recognize that the preliminary order of forfeiture entered by the district court stated that it was "hereby final as to [Robinson], part of the sentence, and included in the Judgment." We conclude, however, that such self-executing language was insufficient to make the forfeiture order part of the final judgment, particularly in light of the affirmative action contemplated by Rule 32.2 (the order of forfeiture must be "made" part of the sentence and actually "included" in the judgment).

[3] At first blush, it may seem that the government should have asked the district court to amend its judgment to include the forfeiture order under Fed. R. Crim. P. 36.  Our Pease decision indicates, however, that Rule 36 amendment is not the proper procedure in these circumstances. In Pease, as here, the district court had entered a preliminary order of forfeiture against the defendant but failed to include that order in its final judgment.  Pease, 331 F.3d at 811.  The government moved the district court under Rule 36, asking it to amend the judgment to include the forfeiture order.  Id. at 812.  The district court did so.  Id.  On appeal, however, we held that was improper, explaining that "Rule 36 can be used to correct 'clerical' errors; it cannot be used, as it was here, to make a substantive alteration to a criminal sentence."  Id. at 816.  Instead, we

**III.**

For the foregoing reasons, we **VACATE** Robinson's sentence and

**REMAND** to the district court for resentencing in accordance with this opinion.

---

suggested, the government "[sh]ould have cross-appealed the defendant's sentence under 18 U.S.C. § 3742(b)—specifically, the district court's failure to include an order of forfeiture in its final judgment." Id. at 811. That is what the government has done in this case.