# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2011

No. 10-11126
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERALD STONE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-318-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gerald Stone appeals the district court's final order of forfeiture, arguing that the court lacked subject matter jurisdiction over his criminal case, that the district court and the Government breached the plea agreement, and that the criminal forfeiture was illegal. The Government has filed a motion for summary affirmance or to dismiss Stone's appeal. In the alternative, the Government seeks an extension of time in which to file a brief on the merits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court must examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Federal courts have no jurisdiction under Article III § 2 of the Constitution unless a case or controversy is presented by a party with standing to litigate." *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997). As a general matter, a party who is not aggrieved by a judgment does not have standing to appeal it. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004).

"A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property. In contrast, a final order of forfeiture determines the rights of third parties with respect to property a defendant has forfeited." *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). A preliminary order of forfeiture becomes final as to the defendant "[a]t sentencing[,] or at any time before sentencing if the defendant consents." FED. R. CRIM. P. 32.2(b)(3) (2007).

Stone's interest in the forfeited property was resolved by the preliminary order of forfeiture, which became final as to Stone at his February 1, 2007, sentencing. *See id.*; *De Los Santos*, 260 F.3d at 448. Consequently, Stone no longer had any interest in the forfeited property when the district court entered the final order of forfeiture. *See United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) (noting that "all post-sentencing activities authorized by Rule 32.2 concern third-party interests"). Because the final order of forfeiture did not implicate Stone's rights to the forfeited property, he lacks standing to appeal that order. *See De Los Santos*, 260 F.3d at 448. Accordingly, Stone's appeal of the final order of forfeiture is dismissed for lack of jurisdiction.

With the benefit of liberal construction, Stone also challenges the preliminary order of forfeiture. The preliminary order of forfeiture became final as to Stone at sentencing, *see* FED. R. CRIM. P. 32.2(b)(3) (2007), and the forfeiture was included in the judgment of conviction entered on February 5,

No. 10-11126

2007. Pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, Stone had 10 days from the entry of judgment in which to appeal the forfeiture order. *See* FED. R. APP. P. 4(b)(1)(A)(i) (2007); *De Los Santos*, 260 F.3d at 448. Although Stone filed a timely notice of appeal, he did not appeal the forfeiture order. The instant notice of appeal is untimely because it was filed over three years after the entry of judgment and well beyond the time for extending the appeal period under Rule 4(b)(4). *See De Los Santos*, 260 F.3d at 448.

Although not jurisdictional, the time limit set forth in Rule 4(b)(1)(A)(i) is mandatory. *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). Because the Government has filed a motion to dismiss Stone's appeal as untimely, it has not forfeited or waived the issue. Accordingly, the Government's motion to dismiss is GRANTED, and Stone's appeal of the preliminary order of forfeiture is dismissed as untimely. The Government's alternative motions for summary affirmance or for an extension of time to file an appellate brief are DENIED as moot.

APPEAL DISMISSED.