# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2015

Lyle W. Cayce
Clerk

No. 14-41128
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

GEARY MOHAMMED MILLS,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-65-8

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Geary Mills was convicted of conspiracy to possess with intent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41128

distribute a controlled substance and possession of a firearm in furtherance of a drug-trafficking crime, and we affirmed those convictions. *See United States v. Mills*, 555 F. App'x 381, 382–88 (5th Cir.), *cert. denied*, 135 S. Ct. 140 (2014). The district court entered a final order of forfeiture, which Mills appeals, claiming that the district court lacked subject-matter jurisdiction. The government moves to dismiss Mills's appeal or for summary affirmance or, alternatively, for an extension of time to file its brief.

This court must examine the basis of its jurisdiction, *sua sponte* if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Federal courts have no jurisdiction under Article III § 2 of the Constitution unless a case or controversy is presented by a party with standing to litigate." *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997). As a general matter, a party who is not aggrieved by a judgment does not have standing to appeal it. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004).

"A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property. In contrast, a final order of forfeiture determines the rights of third parties with respect to property a defendant has forfeited." *United States v. de los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). A preliminary order of forfeiture becomes final as to the defendant "[a]t sentencing," or it can become final before sentencing with the defendant's consent. FED. R. CRIM. P. 32.2(b)(4)(A); *see United States v. Stone*, 435 F. App'x 320, 321–22 (5th Cir. 2011).

Mills's interest in the forfeited property was resolved by the preliminary order of forfeiture, which became final as to him at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A); d*e los Santos*, 260 F.3d at 448. Consequently, he no longer had any interest in the property when the court entered the final order of

forfeiture.  *See Stone*, 435 F. App'x at 321–22; *see also United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) (noting that "all post-sentencing activities authorized by Rule 32.2 concern third-party interests").  Because the order did not implicate Mills's rights to the property, he lacks standing to appeal.  *See de los Santos*, 260 F.3d at 448.  Mills makes some assertions that could be liberally construed as a challenge to the preliminary forfeiture order, but we do not consider them, because they were not raised in his opening brief.  *See Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002).

Accordingly, the motion to dismiss the appeal for want of jurisdiction is GRANTED, and the appeal is DISMISSED.  The government's alternate motions for summary affirmance or for an extension of time to file its brief are DENIED as moot.