# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 14-51222
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REAL PROPERTY LOCATED AND SITUATED AT 404 W. MILTON
STREET, AUSTIN, TRAVIS COUNTY, TEXAS; REAL PROPERTY
LOCATED AND SITUATED AT 406 W. MILTON STREET, AUSTIN,
TRAVIS COUNTY, TEXAS; REAL PROPERTY LOCATED AND SITUATED
AT 1615 S. 1ST STREET, AUSTIN, TRAVIS COUNTY, TEXAS; REAL
PROPERTY LOCATED AND SITUATED AT 1619 S. 1ST STREET,
AUSTIN, TRAVIS COUNTY, TEXAS,

Defendants

v.

AMANDA PARDO

Movant-Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-194

—————

Before KING, CLEMENT, and OWEN, Circuit Judges.

No. 14-51222

PER CURIAM:*

Amanda Pardo, a pro se federal prisoner, appeals the district court's default judgment entered against her interest in the four Defendant Real Properties. For the following reasons, we dismiss her appeal.

Pardo was indicted, along with her husband, Amado Pardo, and thirteen other defendants, in a criminal conspiracy to distribute heroin in Austin, Texas. During the criminal investigation, officers discovered heroin distribution activity at four properties owned by the Pardos. The properties included the Pardos' family residence and restaurant. The indictment contained notice that, as a result of the criminal charges, the properties were subject to forfeiture.[1]

Amanda Pardo pleaded guilty to a drug conspiracy charge. At rearraignment, the district court admonished her about the potential forfeiture of property used in the offense. And before sentencing, Pardo submitted a sentencing memorandum, which stated, in part, that "[s]he has agreed to the forfeiture of any rights she has to all the properties listed in the Indictment."

On May 8, 2013, the district court entered a preliminary order of forfeiture that covered the four properties. The order indicated that, at sentencing, forfeiture of the real properties would be included in the judgment. The next day, the district court entered judgment.[2] During sentencing, Pardo's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Under 21 U.S.C. § 881(a)(7), "[a]ll real property, including any right, title, and interest (including an leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of" the Controlled Substances Act is "subject to forfeiture to the United States and no property right shall exist in them."

[2] The district court explained that Pardo received a reduced fine because she agreed not to contest the forfeiture.

counsel confirmed that Pardo was not contesting the forfeiture. But the judgment, and a later amended judgment, omitted a final order of forfeiture. After Pardo entered prison, the government filed an unopposed motion for a second amended judgment to include forfeiture of the four properties. The district court granted the motion and entered a second amended judgment. Pardo neither contested the forfeiture nor appealed her conviction.[3]

In March 2013, the government brought this civil forfeiture action to resolve additional claims against the four parcels of real property. Nine claims were filed. Pardo did not file a claim, but the government, "out of an abundance of caution," moved for default judgment against any interest that she had not previously forfeited. The claimants then raised a variety of affirmative defenses, and the parties filed cross-motions for summary judgment.

The district court denied the claimants' motion, granted in part and denied in part the government's motion, and entered judgment against any remaining interest that Pardo had in the properties. One issue remained: whether the government could demonstrate that the properties were substantially connected to the drug conspiracy. Rather than proceed to trial, the parties began settlement discussions. During those negotiations, Pardo filed a pro se "notice of appearance," followed by an objection to the forfeiture order. She alleged that her interest in the properties was never forfeited because she had never been served in the civil suit. The district court denied her objection, and the claimants settled. The district court then adopted the settlement agreement and entered a final judgment of forfeiture. Pardo appealed.

---

[3] In December 2014, Pardo did file a motion in her criminal case requesting that the district court appoint counsel to assist her in "filing a Motion to Return my real property." But the district court denied the motion, instructing Pardo that "there is no legal reason" to justify such appointment.

Pardo concedes that she forfeited her interest in her residence, but argues that the other properties were never lawfully forfeited because the forfeitures were not included in the initial criminal judgment. Pardo contends that the district court lacked jurisdiction to amend the judgment. She asserts, moreover, that she never received notice of the amended judgment or of this civil forfeiture action because she is incarcerated. In response, the government maintains that Pardo has no standing to prosecute this appeal because she forfeited her ownership interest in the properties in her criminal case.

We review de novo whether a party has standing. *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992). To contest a forfeiture action, an individual must demonstrate "an interest in the seized item sufficient to satisfy the court of [her] standing" as a claimant." *Id.* "While the fact that property was seized from a claimant is prima facie evidence of [her] entitlement to it, the claimant must, nevertheless, come forward with additional evidence of ownership *if* there are serious reasons to doubt [her] right to the property." *United States v. $8,720*, 264 F.3d 1140, at *1 (5th Cir. 2001) (per curiam).

Here, the government has established serious reasons to doubt Pardo's right to the seized properties. Given the facts relayed above, Pardo has relinquished her right to the properties. *See United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001) ("A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property"); *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (finding defendant's property rights "extinguished upon the entry of the preliminary order of forfeiture"). Pardo challenges the government's assertion by claiming that the district court lacked jurisdiction to amend the judgment. But her argument is meritless. "In the area of forfeiture . . . most courts that have reached the issue have allowed Rule 36 amendment to add an obviously warranted order of forfeiture." *United*

No. 14-51222

*States v. Bennett*, 423 F.3d 271, 279 (3d. Cir. 2005) (relying, in part, on *United States v. Loe*, 248 F.3d 449 (5th Cir. 2001)). As discussed, forfeiture was obviously warranted. And the district court's failure to make forfeiture a part of the initial sentence "was an error that can be considered clerical." *Id.* at 281. We "find nothing objectionable about this procedure" of amendment. *Loe*, 248 F.3d at 464.

Pardo has produced no evidence to establish that she has a facially colorable interest in the seized property; all evidence indicates that she forfeited her right, title, and interest in the real properties. *See $38,570 U.S. Currency*, 950 F.2d at 1112; *Kadonsky v. United States*, 216 F.3d 499, 508 (5th Cir. 2000). We find that Pardo's property interests were extinguished in the criminal judgment and that she lacks standing to challenge that forfeiture in this appeal.

Because we conclude that Pardo lacks standing and therefore that we lack jurisdiction, we DISMISS her appeal.