FILED
United States Court of Appeals
Tenth Circuit

December 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

A. DELL INSPIRON LAPTOP; B.
DELL INSPIRON DESKTOP WITH
CORD; C. LOGITECH WEBCAM;

D. HUGHES HN9000 MODEM,
NETGEAR EN104TP 4 PORT
ETHERNET HUB, and LINKSYS
WRT54GS WIRELESS G
BROADBAND ROUTER; E.
OLYMPUS STYLUS 1010 10.1
MEGA PIXEL CAMERA; F. SANYO
VPC-S1085 10.0 MEGA PIXEL
CAMERA; G. PANASONIC VHS
VIDEO CAMERA, with POWER
SOURCE and CARRYING CASE;

H. POLAROID DVD PLAYER;

I. SANDISK CRUZER 16GB FLASH
DRIVE; J. HEWLETT PACKARD
2GB FLASH DRIVE; K.
UNLABELED FLASH DRIVE
(POSSIBLY SONY); L. SIMPLE
TECH SIMPLE DRIVE EXTERNAL
HARD DRIVE with POWER
ADAPTER; M. 46 CDs; N. SEX
TOYS and LINGERIE; O. VADO
CREATIVE DIGITAL CAMERA;

P. ITHACA, MODEL 51, 12 GUAGE
SHOTGUN, S/N: 510009384; Q.
CHINESE, MODEL SKS, 7.62x39

No. 16-3050
(D.C. No. 6:12-CR-10174-JTM-1)
(D. Kan.)

CALIBER RIFLE, S/N: 3175967; R. NORINCO, MODEL SKS, 7.62x39 CALIBER RIFLE, S/N: 1209413; S. SAVAGE, MODEL 110, 30.06 CALIBER RIFLE, S/N: 145290;

T. KSA LLC, MODEL CRICKETT, .22 CALIBER RIFLE, S/N: 276057

U. STURM, RUGER, MODEL 10/22, .22 CALIBER RIFLE, S/N: 252-94311; V. HARRINGTON & RICHARDSON, MODEL PARDNER, .410 SHOTGUN, S/N: HX210564;

W. STURM, RUGER, MODEL GP100, .357 MAGNUM REVOLVER, S/N: 171-21636; X. SMITH AND WESSON, MODEL 10-5, .38 SPECIAL REVOLVER, S/N: D142943; and Y. VARIOUS AMMUNITION

      Defendants.

_____

PHILIP ANDRA GRIGSBY,

      Claimant - Apellant.

---

**ORDER**[*]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

_____

**I**

Claimant-Appellant Philip Andra Grigsby, a federal prisoner proceeding pro se, appeals from the district court's Final Order of Forfeiture entered on February 25, 2016. Mr. Grigsby pleaded guilty to eight counts of sexual exploitation of a child, 18 U.S.C. § 2251(a), one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), and one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced him to 260 years' imprisonment, 10 years' supervised release, $140,000 in restitution, and ordered that he forfeit to the United States certain property used in the commission of his crimes.

In this appeal, Mr. Grigsby argues that the United States provided deficient notice of the Final Order of Forfeiture to him, his wife (Tammy Grigsby), and his mother (Carmelita Christensen). In response, the government contends that Ms. Grigsby had actual notice of the order and that Mr. Grigsby and Ms. Christensen were not entitled to notice. Before turning to the merits, however, we must address the government's argument that Mr. Grigsby lacks standing—and therefore that we lack jurisdiction. _See W. Energy All. v. Salazar_, 709 F.3d 1040, 1046 (10th Cir. 2013) ("[J]urisdiction is a threshold question which an appellate court must resolve before addressing the merits of the matter before it."

(alteration in original) (quoting *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002))). Because we conclude that Mr. Grigsby lacks standing to challenge the Final Order of Forfeiture, and therefore that we lack jurisdiction, we do not reach the merits of his appeal. And consequently, we **dismiss** this appeal.

## II

In its criminal indictment against Mr. Grigsby, the United States sought forfeiture of certain personal property allegedly used in the commission of the charged crimes, pursuant to 18 U.S.C. § 2253, and forfeiture of firearms and ammunition, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). On January 29, 2013, shortly after the court convicted Mr. Grigsby based on his guilty plea, the United States filed a motion for a preliminary forfeiture order. The next day, January 30, 2013, the district court granted the United States's motion and issued a Preliminary Order of Forfeiture, finding that Mr. Grigsby had "agreed not to contest the forfeiture of the . . . property to the United States." Aplee.'s Supp. R. at 16. The court's order also required the United States to post to www.forfeiture.gov, for a period of thirty consecutive days, notice of the following:

> [1] the United States' intent to dispose of the property according to law, and
>
> [2] that any other person, *other than the defendant*, having or claiming a legal interest in any of the . . . listed forfeited property must file a petition with [the] Court within thirty days of the final

publication of notice, or receipt of actual notice whichever is earlier.

*Id*. at 17–18 (emphasis and list format added).

The government sought to satisfy its notice obligations in two ways. First, from March 26 through April 24, 2013 (i.e., for thirty consecutive days), it posted notice of the forfeiture to www.forfeiture.gov as instructed by the district court. Second, on June 12, 2013, "the United States Marshal Service sent a copy of the Preliminary Order and Notice of Forfeiture by both certified mail, return receipt requested, and first-class mail to the current resident of the location where the property was seized." *Id.* at 23 (Mot. of the United States for a Final Order of Forfeiture, filed Feb. 24, 2016).

On July 30, 2013, the court entered an amended judgment against Mr. Grigsby that included an order requiring Mr. Grigsby to forfeit to the United States all of the property listed in the preliminary forfeiture order. On February 24, 2016, the United States filed a motion for a final order of forfeiture. The next day, the district court issued a Final Order of Forfeiture; notably, it forms the basis of this appeal. Mr. Grigsby filed a notice of appeal from the court's order on March 14, 2016.

### III

The United States argues that we must dismiss this appeal because we lack jurisdiction. We agree. Specifically, the government contends that Mr. Grigsby

lacks constitutional standing to bring the current appeal. Mr. Grigsby's "appeal cannot proceed on the merits in the absence of an Article III case or controversy . . . . Article III of the Constitution grants federal courts jurisdiction only over 'cases' and 'controversies.'" *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) (citations omitted) (quoting U.S. Const. art. III, § 2, cl. 1); *see Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) ("The jurisdiction of the federal courts is limited by Article III of the Constitution and by statutes passed by Congress."). And "[s]tanding, a component of the case-or-controversy requirement, serves to ensure that the plaintiff is 'a proper party to invoke judicial resolution of the dispute.'" *Habecker*, 518 F.3d at 1223 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)); *accord Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 720 (10th Cir. 2008).

To establish constitutional standing, a plaintiff must satisfy three criteria: (1) he must have suffered an "injury in fact," (2) that injury must be "fairly traceable" to the defendant, and (3) it must be likely that a favorable judgment from the court will redress his injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). Here, Mr. Grigsby fails to establish that he was injured by the allegedly deficient notice that he received of the district court's Final Order of Forfeiture; thus, we lack jurisdiction to hear his appeal.

Federal Rule of Criminal Procedure 32.2 governs forfeiture of property in a criminal proceeding. That rule distinguishes between a preliminary order of forfeiture and a final order of forfeiture. A preliminary order of forfeiture determines the rights of a *defendant* to forfeited property. Fed. R. Crim. P. 32.2(b)(4)(A) ("*preliminary* forfeiture order becomes final *as to the defendant*" at sentencing (emphases added)); *see id.* ("If the order directs the defendant to forfeit specific property, it remains preliminary *as to third parties . . . .*" (emphasis added)); *see also United States v. Stone*, 435 F. App'x 320, 321 (5th Cir. 2011) ("A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property." (quoting *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001)). By contrast, a final order of forfeiture, such as the one at issue here, determines the rights of *third parties* in the forfeited property. Fed. R. Crim. P. 32.2(c)(2) ("[T]he court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights."); *see also Stone*, 435 F. App'x at 321; *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) (noting that "all post-sentencing activities authorized by Rule 32.2 concern third-party interests").

In order for a preliminary order of forfeiture to become final as to the defendant, the court must:

> [1]    [I]nclude the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. . . . [and]

-7-

> [2]     [I]nclude the forfeiture order, directly or by reference, in
> the judgment . . . .

Fed. R. Crim. P. 32.2(b)(4)(B) (list format added).  Thus, a preliminary forfeiture

order properly referenced during sentencing and included in the judgment against

a defendant is a final adjudication of the *defendant's* rights in the forfeited

property.  *See id*.; *see also Stone*, 435 F. App'x at 321–22 (holding that a

preliminary order of forfeiture became final as to defendant at sentencing).

Mr. Grigsby does not allege any procedural deficiencies with regard to the

district court's entry of the Preliminary Order of Forfeiture; yet, this order

extinguished his interest in the property.  Nor can we find any deficiencies.  The

district court issued the Preliminary Order of Forfeiture on January 20, 2013.  The

court sentenced Mr. Grigsby on May 20, 2013.  During the sentencing hearing,

the district court orally informed Mr. Grigsby of the preliminary forfeiture order

as required by Federal Rule of Criminal Procedure 32.2(b)(4)(B).  On the same

day, the court issued its final judgment against Mr. Grigsby, which included a

provision requiring him to forfeit to the United States *his interest* in all of the

property listed in the preliminary forfeiture order.[1]  Thus, any interest Mr.

---

[1]     The Preliminary Order of Forfeiture and Final Order of Forfeiture list the same property.  The government notes in its brief that some of the items listed in the Final Order of Forfeiture were returned to Ms. Grigsby, a fact it learned only after Mr. Grigsby filed his notice of appeal.  Those items are the following:  Sanyo VPC-S105 camera; Chinese, Model SKS, rifle; KSA LLC .22

(continued...)

Grigsby had in the forfeited property was extinguished at the time he was sentenced.

The Final Order of Forfeiture, on the other hand, extinguished any claims to the property that may have been asserted by third parties. This order—which issued on February 25, 2016, nearly three years after Mr. Grigsby was sentenced—had no impact on Mr. Grigsby's rights because at the time it was issued Mr. Grigsby's interest in the property had long since been eradicated. In other words, because Mr. Grigsby had no cognizable interest in the property, he could not have been injured by the district court's Final Order of Forfeiture, and he therefore lacks standing to challenge this order. *See Green v. Haskell Cty. Bd. of Comm'rs*, 568 F.3d 784, 793 (10th Cir. 2009) (finding that we lack jurisdiction where a plaintiff fails to establish "the irreducible constitutional minimum" requirements for Article III standing, including that he suffered an actual "injury in fact" (quoting *Lujan*, 504 U.S. at 560)).

---

[1](...continued)
caliber rifle; Polaroid DVD player; miscellaneous compact disks; and miscellaneous .22, .38, and .357 ammunition. *See* Aplee.'s Br. at 5 n.1. The government asserts that it intends to file a motion to amend the Final Order of Forfeiture to correct this error. *Id.* at 5. In any event, this does not alter our conclusion that Mr. Grigsby lost *his interest* in all of the property listed in the two orders at the time he was sentenced.

**IV**

For the foregoing reasons, we grant the United States's motion to **dismiss** this appeal for lack of jurisdiction.[2]

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[2] In light of this jurisdictional dismissal, we deny Mr. Grigsby's pending motions—objecting to the filing of the United States's supplemental record, and seeking leave to file a supplement to his Reply Brief—as moot.