# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 20-50833
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Priscilla Ann Johnson-Ellis,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:00-CR-70-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Priscilla Ann Johnson-Ellis brought this suit, which is best classified as arising under Federal Rule of Criminal Procedure 41(g), to seek return of property that was seized pursuant to a forfeiture order issued by the Middle

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50833

District of Florida. The district court dismissed without prejudice to refiling the motion as a new civil case in Florida.

Rule 41(g) allows a party aggrieved by an unlawful search and seizure to file a motion during the pendency of a criminal proceeding seeking the return of property. FED. R. CRIM. P. 41(g). "The motion must be filed in the district where the property was seized." *Id.* Once the underlying criminal proceedings are concluded, the Rule 41(g) motion should be construed as a new civil action. *United States v. Bailey*, 508 F.3d 736, 738 (5th Cir. 2007). But if the property was forfeited in the course of a criminal proceeding, the forfeiture should be challenged on direct appeal. *See United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). "A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property." *Id.*

All the property that Johnson-Ellis identified as having been unlawfully seized was the subject of preliminary orders of forfeiture as part of her criminal proceeding in the Middle District of Florida. Her interest in the forfeited property was resolved by the preliminary forfeiture orders, which became final at her October 13, 2017 sentencing and were part of the judgment of conviction. *See id.* On direct appeal to the Eleventh Circuit, Johnson-Ellis did not challenge the preliminary forfeiture order, forfeiture money judgment, or preliminary order of forfeiture as to substitute assets. *See United States v. Ellis*, 817 F. App'x 780, 785-94 (11th Cir. 2020). Any challenge to the validity of the forfeiture should have been raised on direct appeal and is barred in a later appeal. *See, e.g.*, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). The district court's order of

No. 20-50833

dismissal is AFFIRMED[1] as we may do so "on any ground supported by the record." *Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010). Johnson-Ellis' motions to supplement the record on appeal with records stricken by the district court and to reinstate the case in Texas courts are DENIED.

---

[1] A ruling that a case is precluded by *res judicata* normally warrants dismissal with prejudice. *See Wilder Corp. of Del., Inc. v. Rural Cmty. Ins. Servs.*, 494 F. App'x 487, 490 (5th Cir. 2012) (per curiam) (unpublished) ("Because [the party's] counterclaim is conclusively barred by res judicata, dismissal with prejudice was appropriate."). But, absent a cross-appeal, we cannot change the district court's ruling from a dismissal without prejudice to a dismissal with prejudice. *See Arvie v. Broussard*, 42 F.3d 249, 250 (5th Cir. 1994) (citations omitted) (holding that the court cannot "convert a dismissal without prejudice into a dismissal with prejudice" without a cross-appeal).