# United States Court of Appeals for the Fifth Circuit

No. 24-40221

CONSOLIDATED WITH

No. 24-40295

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JORDAN RASHAUD BANKS,

*Defendant—Appellant*.

─────────────────────────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 1:22-CR-115-2,
1:22-CR-115-2

─────────────────────────────

Before WIENER, DOUGLAS, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

───────────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

24-40221
c/w No. 24-40295

Defendant-Appellant Jordan Rashaud Banks pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and was sentenced to 168 months of imprisonment. Before sentencing, the district court issued a preliminary order of forfeiture, and after sentencing it issued a final order of forfeiture which stated that it would be a part of Banks's judgment and sentence. Banks appeals from his judgment and from the final order of forfeiture. The Government has filed an opposed motion to dismiss for lack of standing. For the reasons explained below, we GRANT the Government's motion as to the appeal from the final order of forfeiture, and we AFFIRM Banks's judgment without affecting the district court's authority to correct any clerical errors therein.

I.

In November 2022, a grand jury indicted Banks and fifteen co-defendants in a ten-count indictment. Banks was charged only in Count One with conspiracy to possess with intent to distribute, and distribution of cocaine HCL and methamphetamine, in violation of 21 U.S.C. § 846. The indictment included a notice of the Government's intent to seek criminal forfeiture of cash proceeds totaling $4,659,720.00, of which Banks was responsible for $8,975.00.[1]

On May 3, 2023, Banks pleaded guilty, without a plea agreement, to Count One of the indictment. However, on May 18, 2023, the Government filed a motion for preliminary order of forfeiture, stating that "[a]s part of the plea agreement with the United States, [Banks] consented to the forfeiture of $8,975.00 in U.S. Currency and all interest and proceeds traceable thereto." The next day, the district court entered a preliminary order of

---

[1] In April 2023, the Government amended the notice of intent to seek forfeiture, but the amendment made no changes to Banks's responsibility.

forfeiture. The preliminary order repeated the inaccurate statement that Banks agreed to forfeit $8,975.00 pursuant to a plea agreement with the Government. It further provided that it "shall become final as to [Banks] at the time of sentencing and shall be made part of the sentence and included in the judgment, pursuant to [Federal Rule of Criminal Procedure] 32.2(b)(4)."

At sentencing, there was no mention of forfeiture. Nor was forfeiture included in the written judgment entered shortly thereafter. Banks timely appealed from the judgment.

After Banks filed notice of appeal from the judgment, the Government moved the district court for a final order of forfeiture, which the court obliged. The final order of forfeiture ordered Banks to forfeit $8,975.00, along with "all interest and proceeds traceable thereto," and stated that the order "shall be made part of the sentence and included in the judgment, pursuant to [Federal Rule of Criminal Procedure] 32.2(b)(4)."

Banks filed objections to the final and preliminary orders of forfeiture, arguing that the order of forfeiture was not pronounced at sentencing and that the district court lacked jurisdiction to issue the final order of forfeiture and add it to the sentence after he filed notice of appeal. The district court did not act on the objections. Banks timely appealed the final order of forfeiture. The appeals were then consolidated on Banks's motion. Before filing its response to Banks's opening brief, the Government moved to dismiss the appeal for lack of standing.

## II.

The Government asserts that we should dismiss this appeal because Banks lacks standing to challenge the final order of forfeiture.

A party who "cannot demonstrate any adverse effect resulting from the judgment" lacks standing to appeal. *See Ward v. Santa Fe Indep. Sch.*

*Dist.*, 393 F.3d 599, 603 (5th Cir. 2004). In *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001), we reasoned that a preliminary order of forfeiture, which becomes final as to the property rights of the defendant at sentencing, must be appealed within the time allotted for filing a criminal appeal, and that a final order of forfeiture determines only the property rights of third parties. Thus, we have relied on *De Los Santos* to hold that a criminal defendant lacks standing to appeal from a final order of forfeiture when the preliminary order had previously become final at sentencing or in the judgment because he no longer has an interest in the property. *See, e.g.*, *United States v. Mills*, 620 F. App'x 343, 343–44 (5th Cir. 2015) (per curiam); *United States v. Stone*, 435 F. App'x 320, 321–22 (5th Cir. 2011) (per curiam); *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam).

Here, Banks appeals both his judgment and the final order of forfeiture on grounds that the order improperly altered his sentence to include forfeiture because the district court lacked jurisdiction. As an initial matter, Banks has an interest in challenging the inclusion of forfeiture as part of his sentence. *See* 18 U.S.C. § 3742. But whether this interest includes both the imposition of his judgment and the final order of forfeiture depends on whether the preliminary order of forfeiture became final at sentencing or in the judgment. *See De Los Santos*, 260 F.3d at 448.

A defendant convicted of a drug offense and sentenced to more than one year in prison is subject to criminal forfeiture. *See* 21 U.S.C. § 853(a). Federal Rule of Criminal Procedure 32.2(b)(2) requires that when a district court finds that property is subject to forfeiture, it "must promptly enter a preliminary order of forfeiture," which "becomes final as to the defendant . . . [a]t sentencing." *See* Fed. R. Crim. P. 32.2(b)(4)(A). Under Federal Rule of Criminal Procedure 32.2(b)(4)(B), the district court must "include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Fed. R. Crim.

P. 32.2(b)(4)(B). "The court must also include the forfeiture order, directly or by reference, in the judgment." *Id.* In 2009, Rule 32.2(b)(4)(B) was amended, and now explicitly provides that failure to include forfeiture in the judgment "may be corrected at any time under [Federal Rule of Criminal Procedure] 36." *See* FED. R. CRIM. P. 32.2 (advisory committee notes to 2009 amendments). The procedures under Rule 32 "are not empty formalities" and instead "serve a vital function in ensuring that a defendant has notice of a criminal forfeiture and an opportunity to challenge any forfeiture sought by the government." *United States v. Marquez*, 685 F.3d 501, 509 (5th Cir. 2012).

Banks does not explain why the preliminary order did not become final at sentencing pursuant to Rule 32.2(b)(4)(A), but he contends in his reply that "'self-executing' language cannot make a forfeiture order final absent affirmative action under Rule 32.2," citing an unpublished Eleventh Circuit decision, *United States v. Robinson*, 137 F. App'x 273, 276 n.2 (11th Cir. 2005), for support.

In *Robinson*, the district court entered a preliminary order of forfeiture but failed to include an order of forfeiture in the final judgment. *Id.* at 276. The Government cross-appealed from the sentence, arguing that the sentence was unlawful because it violated Rule 32.2. *Id.* at 276. Having vacated Robinson's sentence for other reasons, the Eleventh Circuit further determined that on remand, the district court was required to correct the judgment to include an order of forfeiture. *Id.* at 277. The court explained that "self-executing language was insufficient to make the forfeiture part of the judgment, particularly in light of the affirmative action contemplated by Rule 32.2 (the order of forfeiture must be 'made' part of the sentence and actually 'included' in the judgment)." *Id.* at 276 n.2. However, the language relied upon by the *Robinson* court was removed from Rule 32.2 in the 2009

amendments. *Compare* Fed. R. Crim. P. 32.2 (2002), *with* Fed. R. Crim. P. 32.2 (2009).

To the extent that this language was preserved by other 2009 amendments which revised Rule 32.2(b)(4) to require that the court "include the forfeiture order, directly or by reference, in the judgment," this requirement is immediately followed by the provision that "the court's failure to do so may be corrected at any time under Rule 36." Fed. R. Crim. P. 32.2(b)(4)(B).[2] Although Banks claims that the final forfeiture order here is beyond the scope of a Rule 36 clerical error correction, he does not explain why. Indeed, where a preliminary order of forfeiture has issued, "the district court's failure to make forfeiture part of the initial sentence '[is] an error that can be considered clerical.'" *United States v. Real Prop. Located & Situated at 404 W. Milton St., Austin*, 650 F. App'x 233, 235 (5th Cir. 2016) (per curiam) (quoting *United States v. Bennett*, 423 F.3d 271, 281 (3d Cir. 2005)).[3] Thus, Banks's assertion that the preliminary order of forfeiture requires affirmative action to become final under Rule 32.2 is undermined by the rule's plain text and by the fact that the failure to include forfeiture in the judgment is a clerical error curable at any time under Rule 36.

Banks has not shown that the preliminary order of forfeiture did not become final at sentencing under Rule 32.2. Therefore, he lacks standing to appeal from the final order of forfeiture. *See De Los Santos*, 260 F.3d at 448.

---

[2] Accordingly, our decision today is issued without prejudice to either party filing a Rule 36 motion requesting that the district court amend the judgment, to the extent that such is necessary. *See* Fed. R. Crim. P. 32.2(b)(4)(B); *United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016).

[3] *See also United States v. Loe*, 248 F.3d 449, 464 & n.55 (5th Cir. 2001) (finding "nothing objectionable" about the district making a Rule 36 amendment to include forfeiture in the written judgment where the district court entered a preliminary order of forfeiture and indicated orally at sentencing that the property at issue would be forfeited).

24-40221
c/w No. 24-40295

Accordingly, we GRANT the Government's motion as to Banks's appeal from the final order of forfeiture and DENY the motion as to Banks's appeal from his judgment.

## III.

Banks's challenge to the judgment centers on the district court's compliance with Rule 32.2's procedural requirements. Specifically, he asserts that the court failed to mention forfeiture at sentencing or include it in his written judgment.

It is undisputed that the district court failed to pronounce forfeiture at sentencing and that it did not include forfeiture in the written judgment as required by Rule 32.2. We have held that a claim challenging the district court's compliance with Rule 32.2 is reviewed for plain error if the defendant fails to object when given a sufficient opportunity. *Marquez*, 685 F.3d at 509–10. Banks contends that he had no reason to object prior to the final order of forfeiture, not that he lacked the opportunity to do so.[4] Accordingly, we review for plain error.

To prevail under the plain error standard, an appellant must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We need not determine

---

[4] Even had Banks argued a lack of opportunity to object, our precedent renders such an argument untenable. In *United States v. Omigie*, 977 F.3d 397, 403–04 (5th Cir. 2020), we held that a defendant had sufficient opportunity to object to the inclusion of forfeiture in his judgment—despite the district court's failure to enter a preliminary order of forfeiture or mention forfeiture at sentencing—where the indictment included a notice of the Government's intent to seek forfeiture, there were references to forfeiture in the guilty plea and the presentence investigation report ("PSR"), and the Government moved for a final order of forfeiture on the morning of sentencing. Similarly, Banks was on notice of the forfeiture through the indictment, the references to forfeiture at his guilty plea hearing and in the PSR, and the preliminary order of forfeiture, which stated that it would become part of the judgment at sentencing.

whether the district court's failure to orally pronounce forfeiture at sentencing or include it in the written judgment constitutes clear or obvious error because Banks has not shown that any potential error affected his substantial rights.

In this context, to show an effect on his substantial rights, Banks must demonstrate a reasonable probability that he would have a lesser forfeiture obligation but for the error. *See Omigie*, 977 F.3d at 404. If he makes that showing, we have the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks, alterations, and citation omitted). Banks, however, makes no attempt to satisfy this burden, instead focusing his arguments on the district court's purported lack of jurisdiction to enter the final order of forfeiture.

## IV.

For the reasons explained, we GRANT the Government's motion to dismiss as to the final order of forfeiture and DENY the motion in all other respects, and we AFFIRM the judgment. Our decision is without prejudice to either party filing a Rule 36 motion requesting that the district court amend the judgment to include forfeiture. *See* Fed. R. Crim. P. 32.2(b)(4)(B); *United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016).