# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2026

Lyle W. Cayce
Clerk

―――――――――

No. 25-40725
Summary Calendar

―――――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Olamide Olatayo Bello,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-136-1

―――――――――――――――――――――

Before Jones, Richman, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Olamide Olatayo Bello, federal prisoner # 65100-150, appeals from the (i) the district court's preliminary order of forfeiture (dkt. entry 726); (ii) Bello's motion for a new trial (dkt. entry 736); (iii) Bello's motion for order of designation of record on appeal (dkt. entry 741); (iv) the district court's final order of forfeiture (dkt. entry 806); (v) the district court's order

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denying Bello's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Subpart 1 of Part B of Amendment 821 to the Guidelines (dkt. entry 807); and (vi) the district court's order granting the Government's motion to dismiss the original indictment (dkt. entry 724). The Government has filed a motion to dismiss the appeal for lack of jurisdiction and for summary affirmance or, alternatively, for an extension of time to file an appellee brief.

As a preliminary matter, we note that, on or about March 2, 2026, Bello filed a notice in this court where he makes clear that he is maintaining an appeal only as to the final order of forfeiture, ((iv), above), and the order denying his motion for a sentence reduction, ((v), above). As such, he has explicitly abandoned his appeal of (i), (ii), (iii), and (vi), above.

As to the final order of forfeiture, the Government moves for dismissal of Bello's appeal of the order, correctly contending that Bello lacks standing to challenge the order because, whereas a preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property, a final order of forfeiture determines the rights of third parties with respect to property a defendant has forfeited. *See* FED. R. CRIM. P. 32.2(b)(4)(A); *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001).

Here, Bello's interest in the property that was forfeited was resolved by the district court's preliminary order of forfeiture, which became final as to Bello at his July 24, 2025 sentencing. *See* FED. R. CRIM. P. 32.2(b)(4)(A); *De Los Santos*, 260 F.3d at 448. Consequently, Bello no longer had any interest in the forfeited property when the district court entered the final order of forfeiture. Because the final order of forfeiture did not implicate Bello's rights to the forfeited property, he lacks standing to appeal that order. *See De Los Santos*, 260 F.3d at 448; *see also Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004). In light of the foregoing, the

No. 25-40725

Government's motion to dismiss the appeal for lack of jurisdiction is GRANTED in part, and the appeal is DISMISSED in part, for lack of jurisdiction.

As to the order denying Bello's motion for a sentence reduction, the Government moves for summary affirmance of the order, correctly contending that "Bello was sentenced on July 24, 2025—well after Part B of Amendment 821 took effect on November 1, 2023," and "[b]ecause Bello was sentenced after the effective date of Amendment 821, he was not eligible for a sentence reduction under § 3582(c)(2)."

Bello does not challenge the district court's order denying his motion for a sentence reduction in his opening brief. He also makes no attempt to rebut the Government's argument in his opposition to the Government's summary affirmance motion. As such, and because the plain language of § 3582(c)(2) precludes Bello from being eligible for a sentence reduction based on Amendment 821, summary affirmance of the district court's order denying his motion for a sentence reduction is appropriate. *See* 18 U.S.C. § 3582(c)(2) (district court may reduce a sentence only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission" (emphasis added)); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In light of the foregoing, the Government's motion for summary affirmance is GRANTED in part, and the district court's order denying Bello's motion for a sentence reduction is AFFIRMED.

The Government's alternative motion for an extension of time is DENIED. Bello's motions for judicial notice, motions to supplement the record on appeal, motion to stay the proceedings in this court, motion to

3

No. 25-40725

suspend briefing, and motions to authorize the preparation of a transcript at the Government's expense are likewise DENIED.